UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-01844 GW(KSx)**<br>CV 18-02693 GW (KSx) | Date | August 31, 2018 |
|---|---|---|---|
| Title | *BlackBerry Limited v. Facebook, Inc. et al*<br>*BlackBerry Limited v. Snap Inc.* | | |

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

None Present      None Present

**PROCEEDINGS:**      **IN CHAMBERS - ORDER REGARDING PATENT LOCAL RULES**

Attached hereto is the Court's Order Regarding Patent Local Rules. The Court sets the Claim Construction Hearing for February 21, 2019 at 8:30 a.m.

Initials of Preparer    JG

***BlackBerry Limited v. Facebook, Inc. et al***; Case No. 2:18-cv-01844-GW-(KSx)
***BlackBerry Limited v. Snap Inc.***; Case No. 2:18-cv-02693-GW-(KSx)
Order Regarding Patent Local Rules

Consistent with the Court's instructions at the Scheduling Conference on August 23, 2018, the parties have submitted a Joint Statement in each of the above-captioned cases stating their positions regarding patent local rules to govern this case. Case No. 2:18-cv-01844, Docket No. 75; Case No. 2:18-cv-02693, Docket No. 54. BlackBerry requests that Judge Guilford's Patent Local Rules, as adopted by Judge Kronstadt, generally govern the case, with some scheduling modifications to account for the current stage of this litigation. Defendants request that the Northern District of California's Patent Local Rules govern the case.

The primary basis for each party's position relates to the procedures and timing for exchanging infringement/invalidity contentions under these two sets of local rules. Judge Guilford's Patent Local Rules, for example, set infringement contentions due 14 days after an order *setting* a scheduling conference. Invalidity contentions under his rules are due 14 days after the scheduling conference takes place. Judge Guilford also includes a final infringement contention date 28 days after a claim construction order is issued, with the caveat that a party may move to strike final contentions if it believes amendments to the contentions were made without good cause. The Northern District of California's local rules, on the other hand, require service of infringement contentions 14 days after the scheduling conference and service of invalidity contentions 45 days after service of infringement contentions. Once served, contentions can only be amended upon a showing of good cause; there is no final infringement/invalidity contention deadline.

The parties do not discuss some other major differences between the two sets of patent local rules. For instance, the Northern District of California's recently-amended Patent Local Rules require extensive damages contentions in addition to infringement/invalidity contentions. Claim construction briefing is exchanged simultaneously under Judge Guilford's Patent Local Rules, while the parties alternate under the Northern District of California's Local Rules.

After considering the parties' positions and the two competing sets of patent local rules,

1

the Court concludes that Judge Guilford's Patent Local Rules shall govern this case.[1]  However, in order to address Defendants' concerns regarding their timeframe to serve invalidity contentions, Defendants shall have 45 days from the date that BlackBerry serves its infringement contentions to prepare and serve their invalidity contentions.  To accommodate this extension, the Court will set the Claim Construction Hearing in this matter for February 21, 2019.  The parties are **ORDERED** to submit a supplemental proposed schedule consistent with this guidance within 7 days of this Order.

        Although the Court adopts Judge Guilford's Patent Local Rules, to the extent necessary and appropriate, the parties may rely on legal authority developed based on the Northern District of California's Patent Local Rules to support arguments relating to, for instance, whether a party has demonstrated good cause sufficient to support amending its contentions.  Despite the parties' representations and concerns in this matter regarding both voluminous document productions and potential "shifting sands" approaches to litigation theories, the parties are expected to make best efforts to compromise and resolve discovery disputes without Court involvement.  However, to the extent the parties arrive at an impasse, it is better to seek prompt judicial guidance than to wait until the eve of a major deadline in the case before requesting relief.

---

[1] This includes the portion of Judge Guilford's Patent Local Rules at S.P.R. 5.2 that states, "[t]he Court strongly encourages the parties to give young lawyers the chance to examine witnesses and fully participate in trial (and throughout the litigation[)]."