COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
LOWELL D. MEAD (223989)
(lmead@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendants
FACEBOOK, INC., WHATSAPP
INC., INSTAGRAM INC. and
INSTAGRAM LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACKBERRY LIMITED, | Case No. 2:18-CV-01844-GW |
| Plaintiff and Counter-Defendant, | **DEFENDANTS' RESPONSE TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** |
| v. | **JUDGE:** Hon. George H. Wu |
| FACEBOOK, INC., WHATSAPP, INC., INSTAGRAM, INC., and INSTAGRAM LLC, | **DEMAND FOR JURY TRIAL** |
| Defendants and Counter-Claimants. | |

## DEFENDANTS' RESPONSE TO FIRST AMENDED
## COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS

Defendants Facebook, Inc., WhatsApp, Inc., Instagram, Inc.,[1] and Instagram, LLC (collectively, "Defendants") hereby file their answer and affirmative defenses ("Answer") to the First Amended Complaint ("FAC") and counterclaims.  Each of the

---

[1] Instagram, Inc. is no longer an active corporation, but joins this Answer if necessary.

paragraphs below corresponds to the same numbered paragraphs in the FAC. In responding to the FAC, Defendants have kept Plaintiff's headings for ease of reference, but in so doing, Defendants are not admitting to the accuracy of any statements made or agreeing with any characterizations made in such headings. Defendants deny all allegations in the FAC whether express or implied, that are not specifically admitted below. Defendants further deny that Plaintiff is entitled to the relief requested in the FAC, or to any other relief.

## SUMMARY

**1.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny them.

**2.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny them.

**3.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny them.

**4.** Defendants deny the allegations in paragraph 4.

**5.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore deny them.

**6.** Facebook admits that it acquired WhatsApp for approximately $19 billion dollars. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 6.

**7.** Defendants deny the allegations in paragraph 7.

**8.** Defendants admit that Facebook, WhatsApp, and BlackBerry exchanged communications in 2016, but deny that BlackBerry can use its communications against Defendants as expressly agreed upon by the parties in the terms of their executed non-disclosure agreement ("NDA"). Except as expressly admitted, Defendants deny the remaining allegations in paragraph 8.

/ / /

/ / /

## INTRODUCTION TO BLACKBERRY

**9.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore deny them.

**10.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore deny them.

**11.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore deny them.

**12.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore deny them.

**13.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore deny them.

**14.** Defendants deny the allegations in paragraph 14.

**15.** Defendants deny the allegations in paragraph 15.

## NATURE OF THE ACTION

**16.** Defendants admit that the FAC purports to be an action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

**17.** Defendants deny the allegations in paragraph 17.

**18.** Defendants admit that the FAC seeks injunctive relief and monetary damages. Defendants deny that the patents-in-suit were duly and legally issued and denies that BlackBerry is entitled to injunctive relief or monetary damages. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and therefore deny them.

## THE PARTIES

**19.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore deny them.

**20.** Facebook admits that it is a Delaware corporation with a principal place of business at 1601 Willow Road, Menlo Park, CA 94025. Facebook admits that it maintains offices in Los Angeles, California, operates and owns the website located at

www.facebook.com in the United States, and makes available applications such as the Facebook, Facebook Messenger, Facebook Messenger Lite, Facebook Workplace Chat, and Facebook Pages Manager applications throughout the United States, including in this District.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 20.

21.     Defendants admit that WhatsApp is a Delaware corporation and a wholly-owned subsidiary of Facebook with a principal place of business at 1601 Willow Road, Menlo Park, CA 94025.  WhatsApp admits that it operates and owns the website located at www.whatsapp.com, and makes available applications such as the WhatsApp Messenger application throughout the United States, including in this District.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 21.

22.     Defendants admit that Instagram, LLC is Delaware limited liability company and a wholly-owned subsidiary of Facebook with a principal place of business at 1601 Willow Road, Menlo Park, CA 94025.  Instagram, Inc. is no longer an active corporation.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 22.

23.     Defendants deny the allegations in paragraph 23.

24.     Defendants deny the allegations in paragraph 24.

25.     Defendants admit that the Instagram messaging services have been migrated from third-party servers onto Facebook's data centers.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 25.

## JURISDICTION AND VENUE

26.     Defendants admit that the FAC purports to be an action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

27.     Defendants admit that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Defendants deny the remaining allegation in paragraph 27.

28.     The allegations in this paragraph state a legal conclusion to which no

response is required.  To the extent a response is deemed to be required, Defendants admit that Facebook has an office in Los Angeles, CA, and has offices elsewhere in the State of California.  Facebook admits that it conducts business through its website at www.facebook.com and the Facebook, Facebook Messenger, Facebook Messenger Lite, Facebook Workplace Chat, and Facebook Pages Manager software applications, which are made available in the State of California, including in this judicial district. Facebook admits that it conducts business in the State of California.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 28, but for purposes of this action only, does not contest personal jurisdiction as to Facebook.

29.    Defendants deny the allegations in paragraph 29.

30.    The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants admit that WhatsApp conducts business through its website at www.whatsapp.com and its WhatsApp Messenger software application, which are made available in the State of California, including in this judicial district.  WhatsApp admits that it conducts business in the State of California.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 30, but for purposes of this action only, does not contest personal jurisdiction as to WhatsApp.

31.    Defendants deny the allegations in paragraph 31.

32.    The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants admit that Instagram, LLC conducts business in the State of California.  Except as expressly admitted, Defendants deny the allegations in paragraph 32, but for purposes of this action only, does not contest personal jurisdiction as to Instagram.

33.    Defendants deny the allegations in paragraph 33.

34.    The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny the allegations in paragraph 34, but for purposes of this action only, do not contest

1    that venue is proper.

2        **35.**    Facebook admits that it has an office located in Los Angeles, CA.  Except

3    as expressly admitted, Defendants deny the remaining allegations in paragraph 35.

4        **36.**    Defendants admit that WhatsApp and Instagram, LLC are wholly-owned

5    subsidiaries of Facebook.  Defendants admit that Facebook does not separately report

6    revenue from Instagram, LLC or WhatsApp Inc. in its filings to the Securities and

7    Exchange Commission.  Except as expressly admitted, Defendants deny the remaining

8    allegations in paragraph 36.

9        **37.**    Defendants admit that certain quotations cited in paragraph 37 appear on

10   the cited help center webpages.  To the extent that the allegations set forth in this

11   paragraph purport to summarize or characterize the contents of the cited help center

12   webpages, Defendants refer the Court to the contents of the cited help center webpages.

13   To the extent the allegations set forth in this paragraph differ in any way from the

14   contents of the cited help center webpages, Defendants deny every such allegation.

15   Defendants admit that Facebook operates the Instagram service in the United States.

16   Defendants admit that in certain circumstances, users of Instagram can post an

17   Instagram story to Facebook from the Instagram app.  Defendants admit that in some

18   circumstances, advertisers may create a Facebook ad that includes a button allowing

19   users to send a message to a business using WhatsApp.  Defendants deny the remaining

20   allegations in paragraph 37.

21                    **FACTS COMMON TO ALL CLAIMS**

22          **BlackBerry's Alleged Innovation and Industry Recognition**

23       **38.**    Defendants are without knowledge or information sufficient to form a

24   belief as to the truth of the allegations in paragraph 38, and therefore deny them.

25       **39.**    Defendants are without knowledge or information sufficient to form a

26   belief as to the truth of the allegations in paragraph 39, and therefore deny them.

27       **40.**    Defendants are without knowledge or information sufficient to form a

28   belief as to the truth of the allegations in paragraph 40, and therefore deny them.

**41.**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore deny them.

**42.**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore deny them.

**43.**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore deny them.

**44.**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore deny them.

**45.**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore deny them.

### BlackBerry's Patents

**46.**    Defendants admit that U.S. Patent No. 7,372,961 ("'961 Patent") bears the title "Method of public key generation" and reflects an issue date of May 13, 2008. Defendants admit that Exhibit A attached to the FAC appears to be a copy of the '961 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 46.

**47.**    Defendants admit that the '961 Patent reflects a filing date of Dec. 26, 2001, as U.S. Patent Application No. 10/025,924 and purports to claim priority to Canadian Patent Application No. 2,329,590.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 47.

**48.**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore deny them.

**49.**    The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny the validity of the '961 Patent.

**50.**    Defendants admit that U.S. Patent No. 8,209,634 ("'634 Patent") bears the title "Previewing a new event on a small screen device," and reflects an issue date of June 26, 2012.  Defendants admit that Exhibit B attached to the FAC appears to be a

copy of the '634 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 50.

51.   Defendants admit that the '634 Patent reflects a filing date of Feb. 24, 2004, as U.S. Patent Application No. 10/784,781, and purports to claim the benefit of U.S. Provisional Patent Application No. 60/525,958.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 51.

52.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore deny them.

53.   The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny the validity of the '634 Patent.

54.   Defendants admit that U.S. Patent No. 8,279,173 ("'173 Patent") bears the title "User interface for selecting a photo tag," and reflects an issue date of Oct. 2, 2012. Defendants admit that Exhibit C attached to the FAC appears to be a copy of the '173 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 54.

55.   Defendants admit that the '173 Patent reflects a filing date of Oct. 4, 2011, as U.S. Patent Application No. 13/252,807, and purports to be a continuation of U.S. Patent Application No. 11/746,285.  Defendants admit that U.S. Patent Application No. 11/746,285 reflects a filing date of May 9, 2007, and issued as U.S. Patent No. 8,031,170.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 55.

56.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore deny them.

57.   The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny the validity of the '173 Patent.

**58.**   Defendants admit that U.S. Patent No. 8,301,713 (*"'713 Patent"*) bears the title "Handheld electronic device and associated method providing time data in a messaging environment," and reflects an issue date of Oct. 30, 2012.  Defendants admit that Exhibit D attached to the FAC appears to be a copy of the '713 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 58.

**59.**   Defendants admit that the '713 Patent reflects a filing date of May 19, 2011 as U.S. Patent Application No. 13/111,675, and purports to be a continuation of U.S. Patent Application No. 10/944,925.  Defendants admit that U.S. Patent Application No. 10/944,925 reflects a filing date of Sept. 20, 2004, and issued as U.S. Patent No. 7,970,849.  Defendants admit that U.S. Patent No. 7,970,849 purports to claim the benefit of U.S. Provisional Patent Application No. 60/504,379, which reflects a filing date of Sept. 19, 2003.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 59.

**60.**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore deny them.

**61.**   The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny the validity of the '713 Patent.

**62.**   Defendants admit that U.S. Patent No. 8,429,236 (*"'236 Patent"*) bears the title "Transmission of status updates responsive to status of recipient application," and reflects an issue date of April 23, 2013.  Defendants admit that Exhibit E attached to the FAC appears to be a copy of the '236 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 62.

**63.**   Defendants admit that the '236 Patent reflects a filing date of Dec. 23, 2009, as U.S. Patent Application No. 12/645,873, and purports to claim the benefit of U.S. Provisional Patent Application No. 61/167,772, which reflects a filing date of Apr. 8, 2009.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 63.

**64.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore deny them.

**65.** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny the validity of the '236 Patent.

**66.** Defendants admit that U.S. Patent No. 8,677,250 ("'250 Patent") bears the title "System and method for switching between an instant messaging conversation and a game in progress," and reflects an issue date of Mar. 18, 2014. Defendants admit that Exhibit F attached to the FAC appears to be a copy of the '250 Patent. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 66.

**67.** Defendants admit that the '250 Patent reflects a filing date of Dec. 7, 2010 as U.S. Patent Application No. 12/962,405, and purports to be a continuation of U.S. Patent Application No. 11/537,047, which reflects a filing date of Sept. 29, 2006, and issued as U.S. Patent No. 7,861,175. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 67.

**68.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore deny them.

**69.** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny the validity of the '250 Patent.

**70.** Defendants admit that U.S. Patent No. 9,349,120 ("'120 Patent") bears the title "System and method for silencing notifications for a message thread," and reflects an issue date of May 24, 2016. Defendants admit that Exhibit G attached to the FAC appears to be a copy of the '120 Patent. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 70.

**71.** Defendants admit that the '120 Patent reflects a filing date of Feb. 26, 2010 as U.S. Patent Application No. 12/713,577, and purports to claim priority to U.S. Provisional Application No. 61/167,542, which reflects a filing date of Apr. 8, 2009.

Except as expressly admitted, Defendants deny the remaining allegations in paragraph 71.

**72.**     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and therefore deny them.

**73.**     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny the validity of the '120 Patent.

**74.**     Defendants admit that U.S. Patent No. 8,296,351 ("'351 Patent") bears the title "System and method for pushing information to a mobile device," and reflects an issue date of Oct. 23, 2012.  Defendants admit that Exhibit K attached to the FAC appears to be a copy of the '351 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 74.

**75.**     Defendants admit that the '351 Patent reflects a filing date of Mar. 18, 2010 as U.S. Patent Application No. 12/726,405, and purports to claim priority to U.S. Provisional Application No. 60/307,265, which reflects a filing date of July 23, 2001.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 75.

**76.**     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and therefore deny them.

**77.**     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny the validity of the '351 Patent.

**78.**     Defendants admit that U.S. Patent No. 8,676,929 ("'929 Patent") bears the title "System and method for pushing information to a mobile device," and reflects an issue date of Mar. 18, 2014.  Defendants admit that Exhibit L attached to the FAC appears to be a copy of the '929 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 78.

**79.**     Defendants admit that the '929 Patent reflects a filing date of Sept. 13,

2012 as U.S. Patent Application No. 13/614,884, and purports to claim priority to U.S. Provisional Application No. 60/307,265, which reflects a filing date of July 23, 2001. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 79.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore deny them.

81.     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny the validity of the '929 Patent.

### Defendants' Alleged Use of BlackBerry's Alleged Patented Technologies

82.     Defendants admit that Facebook first released the Facebook Messenger application in August of 2011.  Defendants admit that Facebook first released the Pages Manager application in 2012. Defendants admit that the first version of the WhatsApp messaging app was released in 2009.  Defendants admit that the first version of the Instagram application was released in 2010.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 as they relate to BlackBerry Messenger, and therefore deny them.  Defendants deny the remaining allegations in paragraph 82.

83.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and therefore deny them.

84.     Defendants deny the allegations in paragraph 84.

85.     Defendants admit that they make available the Facebook, Facebook Messenger, Facebook Messenger Lite, Facebook Workplace Chat, and Facebook Pages Manager, WhatsApp Messenger, and Instagram applications in and within the United States, including via the Apple App Store and the Google Play Store.  Defendants admit they provide websites at www.facebook.com, www.messenger.com, www.whatsapp.com, and www.instagram.com.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 85.

**86.** Defendants admit that they make available the Facebook, Facebook Messenger, Facebook Messenger Lite, Facebook Workplace Chat, and Facebook Pages Manager, WhatsApp Messenger, and Instagram applications in the United States. Defendants admit that the purchase price of WhatsApp was approximately $19 billion and the purchase price of the assets of Instagram, Inc., which ceased to exist after the acquisition and whose assets were transferred to Instagram, LLC, was approximately $1 billion. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 86.

**87.** Defendants deny the allegations in paragraph 87.

**88.** Defendants deny the allegations in paragraph 88.

## COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,372,961

**89.** Defendants incorporate by reference their responses to each of the foregoing paragraphs.

### The '961 Patent

**90.** Defendants admit that paragraph 90 includes partial quotations from the '961 Patent. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 90.

**91.** Defendants admit that paragraph 91 includes partial quotations and summarized statements from the '961 Patent. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 91.

**92.** Defendants admit that paragraph 92 includes partial quotations from the '961 Patent. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 92.

**93.** Defendants admit that paragraph 93 includes partial quotations and summarized statements from the '961 Patent. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 93.

**94.** Defendants admit that paragraph 94 includes partial quotations and summarized statements from the '961 Patent. Except as expressly admitted, Defendants

1   deny the remaining allegations in paragraph 94.

2       **95.**   Defendants admit that paragraph 95 includes partial quotations and
3   summarized statements from the '961 Patent.  Except as expressly admitted, Defendants
4   deny the remaining allegations in paragraph 95.

5       **96.**   Defendants admit that paragraph 96 includes partial quotations and
6   summarized statements from the '961 Patent.  Except as expressly admitted, Defendants
7   deny the remaining allegations in paragraph 96.

8       **97.**   Defendants admit that paragraph 97 includes partial quotations and
9   summarized statements from the '961 Patent.  Except as expressly admitted, Defendants
10  deny the remaining allegations in paragraph 97.

11      **98.**   Defendants admit that paragraph 98 includes partial quotations and
12  summarized statements from the '961 Patent.  Except as expressly admitted, Defendants
13  deny the remaining allegations in paragraph 98.

14      **99.**   Defendants admit that paragraph 99 includes partial quotations and
15  summarized statements from the '961 Patent.  Except as expressly admitted, Defendants
16  deny the remaining allegations in paragraph 99.

17      **100.**   Defendants admit that paragraph 100 includes partial quotations and
18  summarized statements from the '961 Patent.  Except as expressly admitted, Defendants
19  deny the remaining allegations in paragraph 100.

20      **101.**   Defendants admit that paragraph 101 includes partial quotations and
21  summarized statements from the '961 Patent.  Except as expressly admitted, Defendants
22  deny the remaining allegations in paragraph 101.

23      **102.**   Defendants deny the allegations in paragraph 102.

24      **<u>The Alleged Inventions Claimed in the '961 Patent Were</u>**
25      **<u>Allegedly Not Well-Understood, Routine, or Conventional</u>**

26      **103.**   Defendants deny the allegations in paragraph 103.

27      **104.**   Defendants admit that paragraph 104 includes a partial quotation from 44
28  U.S.C. § 3541.   Except as expressly admitted, Defendants deny the remaining

1    allegations in paragraph 104.

2        **105.**   Defendants admit that paragraph 105 includes partial quotations from 44

3    U.S.C. § 3541.   Except as expressly admitted, Defendants deny the remaining

4    allegations in paragraph 105.

5        **106.**   Defendants deny that the NIST web site cited in footnote 20 includes the

6    citation quoted in paragraph 106, when visited on September 4, 2018.   Defendants are

7    without knowledge or information sufficient to form a belief as to the truth of the

8    remaining allegations in paragraph 106, and therefore deny them.

9        **107.**   Defendants admit that the FIPS 186-2 standard states that it "prescribes

10   three algorithms suitable for digital signature (ds) generation and verification."   FIPS

11   PUB 186-2, at Introduction (January 27, 2000).   Defendants deny that the FIPS PUB

12   186-2, dated January 27, 2000, and cited in footnote 21, includes the language, "the

13   Digital Signature Algorithm (DSA) is a Federal Information Processing Standard for

14   digital signatures. It was proposed by the National Institute of Standards and

15   Technology (NIST) in August 1991 for use in their Digital Signature Standard (DSS)

16   and adopted as FIPS 186 in 1993."   Defendants admit that the FIPS PUB 186-2, dated

17   January 27, 2000, and cited in footnote 21, includes the language "This standard

18   specifies a suite of algorithms which can be used to generate a digital signature. Digital

19   signatures are used to detect unauthorized modifications to data and to authenticate the

20   identity of the signatory. In addition, the recipient of signed data can use a digital

21   signature in proving to a third party that the signature was in fact generated by the

22   signatory. This is known as nonrepudiation since the signatory cannot, at a later time,

23   repudiate the signature." Except as expressly admitted, Defendants deny the remaining

24   allegations in paragraph 107.

25       **108.**   Defendants are without knowledge or information sufficient to form a

26   belief as to the truth of the allegations in paragraph 108, and therefore deny them.

27       **109.**   Defendants deny that the '961 Patent, at 2:56-59, includes the language,

28   "introduce[d] sufficient bias in to the selection of k that an examination of $2^{22}$ signatures

could yield the private key d in 264 steps using $2^{40}$ memory units," at 2:56-59.   The '961 Patent states: "Recent work by Daniel Bleichenbacher suggests that the modular reduction to obtain k introduces sufficient bias in to the selection of k that an examination of $2^{22}$ signatures could yield the private key d in $2^{64}$ steps using $2^{40}$ memory units." '961 Patent, 2:56-59.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109, and therefore deny them.

**110.**   Defendants are unable to access the web site cited in the footnote to paragraph 110, as of September 4, 2018, and therefore are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and therefore deny them.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 110, and therefore deny them.

**111.**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, and therefore deny them.

**112.**   Defendants deny the allegations in paragraph 112.

**113.**   Defendants admit that paragraph 113 includes partial quotations and summarized statements from the '961 Patent. Defendants deny the remaining allegations in paragraph 113.

**114.**   Defendants deny the allegations in paragraph 114.

**115.**   Defendants deny the allegations in paragraph 115.

**116.**   Defendants admit that certain claims of the '961 patent recite a "random number generator" in relation to "generating a seed value," a "cryptographic unit," and an "arithmetic processor." Defendants deny the remaining allegations in paragraph 116.

**117.**   Defendants deny the allegations in paragraph 117.

### '961 Patent Allegations

**118.**   Defendants deny the allegations in paragraph 118.

**119.**   Defendants deny the allegations in paragraph 119.

1    **120.**   Defendants deny the allegations in paragraph 120.

2    **121.**   Defendants deny the allegations in paragraph 121, and note that the Court

3    has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

4    **122.**   Defendants admit that they have had knowledge of the '961 Patent since

5    receiving the Complaint.  Defendants admit that Facebook, WhatsApp, and BlackBerry

6    exchanged communications in 2016, but deny that BlackBerry can use these

7    communications against Defendants as expressly agreed upon by the parties in the terms

8    of their executed NDA.  Except as expressly admitted, Defendants deny the remaining

9    allegations in paragraph 122, and note that the Court has dismissed BlackBerry's pre-

10   suit indirect infringement claims.  (ECF No. 68.)

11   **123.**   Defendants admit that versions of the Facebook Messenger software

12   applications are made available to users, and that Facebook makes available instructions

13   related to various aspects of the application.  Except as expressly admitted, Defendants

14   deny the remaining allegations in paragraph 123, and note that the Court has dismissed

15   BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

16   **124.**   Defendants deny the allegations in paragraph 124, and note that the Court

17   has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

18   **125.**   Defendants admit that versions of the Facebook Messenger software

19   applications are made available to users, including through the Apple App Store and the

20   Google Play Store, and that Facebook makes available instructions related to various

21   aspects of the application.   Except as expressly admitted, Defendants deny the

22   remaining allegations in paragraph 125, and note that the Court has dismissed

23   BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

24   **126.**   Defendants deny the allegations in paragraph 126, and note that the Court

25   has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

26   **127.**   Defendants deny the allegations in paragraph 127, and note that the Court

27   has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

28   **128.**   Defendants deny the allegations in paragraph 128, and note that the Court

1  has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

2      **129.**   Defendants deny the allegations in paragraph 129, and note that the Court

3  has dismissed BlackBerry's pre-suit indirect infringement and willful infringement

4  claims.  (ECF No. 68.)

5      **130.**   Defendants deny the allegations in paragraph 130, and note that the Court

6  has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

7      **131.**   Defendants deny the allegations in paragraph 131.

8      **132.**   Defendants deny the allegations in paragraph 132.

9  <u>**COUNT II: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,209,634**</u>

10     **133.**   Defendants incorporate by reference their responses to each of the

11  foregoing paragraphs.

12                          <u>**The '634 Patent**</u>

13     **134.**   Defendants admit that paragraph 134 includes partial quotations from the

14  '634 Patent's Abstract.  Except as expressly admitted, Defendants deny the remaining

15  allegations in paragraph 134.

16     **135.**   Defendants admit that paragraph 135 includes partial quotations from the

17  '634 Patent.  Except as expressly admitted, Defendants deny the remaining allegations

18  in paragraph 135.

19     **136.**   Defendants admit that paragraph 136 appears to reproduce Figure 7 from

20  the '634 Patent, and also includes partial quotations and summarized statements from

21  the '634 Patent.   Except as expressly admitted, Defendants deny the remaining

22  allegations in paragraph 136.

23     **137.**   Defendants admit that paragraph 137 appears to quote Claim 1 the '634

24  Patent.  Except as expressly admitted, Defendants deny the remaining allegations in

25  paragraph 137.

26              <u>**The Alleged Inventions Claimed in the '634 Patent Were**</u>

27              <u>**Allegedly Not Well-Understood, Routine, or Conventional**</u>

28     **138.**   Defendants deny the allegations in paragraph 138.

139.   Defendants admit that paragraph 139 includes partial quotations and summarized statements from the '634 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 139.

140.   Defendants admit that paragraph 140 includes partial quotations from the claims of '634 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 140.

141.   Defendants deny the allegations in paragraph 141.

142.   Defendants deny the allegations in paragraph 142.

143.   Defendants deny the allegations in paragraph 143.

## '634 Patent Allegations

144.   Defendants deny the allegations in paragraph 144.

145.   Defendants deny the allegations in paragraph 145.

146.   Defendants deny the allegations in paragraph 146.

147.   Defendants deny the allegations in paragraph 147.

148.   Defendants deny the allegations in paragraph 148, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.).

149.   Defendants admit that they have had knowledge of the '634 patent since receiving the Complaint.  Defendants admit that Facebook, WhatsApp, and BlackBerry exchanged communications in 2016, but deny that BlackBerry can use these communications against Defendants as expressly agreed upon by the parties in the terms of their executed NDA.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 149, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.).

150.   Defendants admit that versions of Facebook, Facebook Messenger, Facebook Workplace Chat, Facebook Pages Manager, WhatsApp, and Instagram software applications are made available to users, and that Defendants make available instructions related to various aspects of the applications.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 150, and note that the Court

1   has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

2       **151.**   Defendants deny the allegations in paragraph 151, and note that the Court

3   has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

4       **152.**   Defendants admit that versions of Facebook, Facebook Messenger,

5   Facebook Workplace Chat, Facebook Pages Manager, WhatsApp, and Instagram

6   software applications are made available to users, including via the Apple App Store,

7   and that Defendants make available instructions related to various aspects of the

8   applications.  Except as expressly admitted, Defendants deny the remaining allegations

9   in paragraph 152, and note that the Court has dismissed BlackBerry's pre-suit indirect

10  infringement claims.  (ECF No. 68.)

11      **153.**   Defendants deny the allegations in paragraph 153, and note that the Court

12  has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

13      **154.**   Defendants deny the allegations in paragraph 154, and note that the Court

14  has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

15      **155.**   Defendants deny the allegations in paragraph 155, and note that the Court

16  has dismissed BlackBerry's pre-suit indirect infringement and willful infringement

17  claims. (ECF No. 68.)

18      **156.**   Defendants deny the allegations in paragraph 156, and note that the Court

19  has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

20      **157.**   Defendants deny the allegations in paragraph 157, and note that the Court

21  has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

22      **158.**   Defendants deny the allegations in paragraph 158.

23      **159.**   Defendants deny the allegations in paragraph 159.

24  **COUNT III: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,279,173**

25      **160.**   Defendants incorporate by reference their responses in the foregoing

26  paragraphs.

27  / / /

28  / / /

1

**The '173 Patent**

2     **161.**   Defendants admit that paragraph 161 includes partial quotations from the

3     '173 Patent's Abstract.  Except as expressly admitted, Defendants deny the remaining

4     allegations in paragraph 161.

5     **162.**   Defendants admit that paragraph 162 includes partial quotations from the

6     '173 Patent.  Except as expressly admitted, Defendants deny the remaining allegations

7     in paragraph 162.

8     **163.**   Defendants admit that paragraph 163 appears to reproduce Figure 3A from

9     the '173 Patent, and also includes partial quotations from the '173 Patent.  Except as

10    expressly admitted, Defendants deny the remaining allegations in paragraph 163.

11    **164.**   Defendants admit that paragraph 164 appears to reproduce Figures 4A and

12    4B from the '173 Patent, and also includes a quotation from the '173 Patent.  Except as

13    expressly admitted, Defendants deny the remaining allegations in paragraph 164.

14    **165.**   Defendants admit that paragraph 165 includes a partial quotation from

15    Claim 1 of the '173 Patent.  Except as expressly admitted, Defendants deny the

16    remaining allegations in paragraph 165.

17    **The Alleged Inventions Claimed in the '173 Patent Were**

18    **Allegedly Not Well-Understood, Routine, or Conventional**

19    **166.**   Defendants deny the allegations in paragraph 166.

20    **167.**   Defendants admit that paragraph 167 includes partial quotations from the

21    '173 Patent.  Except as expressly admitted, Defendants deny the remaining allegations

22    in paragraph 167.

23    **168.**   Defendants admit that the '173 Patent includes images that appear to be

24    screenshots that include the term "facebook" on them.  Except as expressly admitted,

25    Defendants deny the remaining allegations in paragraph 168.

26    **169.**   Defendants admit that paragraph 169 includes partial quotations from the

27    claims of the '173 Patent.  Except as expressly admitted, Defendants deny the remaining

28    allegations in paragraph 169.

**170.**   Defendants deny the allegations in paragraph 170.

**171.**   Defendants admit that certain claims of the '173 Patent reference a "search string," "tag type indicators," "a tag list including tags from one or more tag sources," and a "tag entry field."  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 171.

**172.**   Defendants deny the allegations in paragraph 172.

### '173 Patent Allegations

**173.**   Defendants deny the allegations in paragraph 173.

**174.**   Defendants deny the allegations in paragraph 174.

**175.**   Defendants deny the allegations in paragraph 175.

**176.**   Defendants deny the allegations in paragraph 176, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

**177.**   Defendants admit that they have had knowledge of the '173 patent since receiving the Complaint.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 177, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

**178.**   Defendants admit that the website located at www.facebook.com and versions of the Instagram software application are made available to users, and that Defendants make available instructions related to various aspects of the website and application.  Defendants admit that on March 7, 2014, the USPTO issued a "Notice of References Cited" in the examination of U.S. Patent Application No. 13/117,888 to Facebook that lists U.S. Patent No. 8,279,173 among a number of references.  Defendants admit that on March 21, 2014, the USPTO issued a "Notice of References Cited" in the examination of U.S. Patent Application No. 13/117,617 to Facebook that lists U.S. Patent No. 8,279,173 among a number of references.  Defendants admit that on April 24, 2014, the USPTO issued a "Notice of References Cited" in the examination of U.S. Patent Application No. 13/092,443 to Facebook that lists U.S. Patent No. 8,279,173 among a number of references.  Except as expressly admitted, Defendants

1   deny the remaining allegations in paragraph 178, and note that the Court has dismissed

2   BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

3       **179.**   Defendants deny the allegations in paragraph 179, and note that the Court

4   has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

5       **180.**   Defendants admit that the website located at www.facebook.com and

6   versions of the Instagram software application are made available to users, and that

7   Defendants make available instructions related to various aspects of the website and

8   application.  Except as expressly admitted, Defendants deny the remaining allegations

9   in paragraph 180, and note that the Court has dismissed BlackBerry's pre-suit indirect

10  infringement claims.  (ECF No. 68.)

11      **181.**   Defendants deny the allegations in paragraph 181, and note that the Court

12  has dismissed BlackBerry's pre-suit indirect infringement and willful infringement

13  claims.  (ECF No. 68.)

14      **182.**   Defendants deny the allegations in paragraph 182, and note that the Court

15  has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

16      **183.**   Defendants deny the allegations in paragraph 183, and note that the Court

17  has dismissed BlackBerry's pre-suit indirect infringement and willful infringement

18  claims. (ECF No. 68.)

19      **184.**   Defendants deny the allegations in paragraph 184, and note that the Court

20  has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

21      **185.**   Defendants deny the allegations in paragraph 185, and note that the Court

22  has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

23      **186.**   Defendants deny the allegations in paragraph 186.

24      **187.**   Defendants deny the allegations in paragraph 187.

25  **COUNT IV: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,301,713**

26      **188.**   Defendants incorporate by reference their responses in the foregoing

27  paragraphs.

28

1

**The '713 Patent**

2    **189.**   Defendants admit that paragraph 189 includes partial quotations from the

3    '713 Patent's Abstract.  Except as expressly admitted, Defendants deny the remaining

4    allegations in paragraph 189.

5    **190.**   Defendants admit that paragraph 190 includes partial quotations from the

6    '713 Patent.  Except as expressly admitted, Defendants deny the remaining allegations

7    in paragraph 190.

8    **191.**   Defendants admit that paragraph 191 appears to reproduce Figures 4 and 5

9    from the '713 Patent, and also includes partial quotations from the '713 Patent.

10   Except as expressly admitted, Defendants deny the remaining allegations in

11   paragraph 191.

12   **192.**   Defendants admit that paragraph 192 includes a quotation from Claim 1 of

13   the '713 Patent.   Except as expressly admitted, Defendants deny the remaining

14   allegations in paragraph 192.

15   **The Alleged Inventions Claimed in the '713 Patent Were**

16   **Allegedly Not Well-Understood, Routine, or Conventional**

17   **193.**   Defendants deny the allegations in paragraph 193, and note that the Court

18   has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF

19   No. 68.)

20   **194.**   Defendants admit that paragraph 194 includes partial quotations from the

21   '713 Patent.  Except as expressly admitted, Defendants deny the remaining allegations

22   in paragraph 194, and note that the Court has found Claims 1, 5, and 9 of the '713 Patent

23   invalid under 35 U.S.C. § 101. (ECF No. 68.)

24   **195.**   Defendants admit that paragraph 195 includes partial quotations from the

25   '713 Patent.  Except as expressly admitted, Defendants deny the remaining allegations

26   in paragraph 195, and note that the Court has found Claims 1, 5, and 9 of the '713 Patent

27   invalid under 35 U.S.C. § 101. (ECF No. 68.)

28

**196.**   Defendants deny the allegations in paragraph 196, and note that the Court has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

**197.**   Defendants deny the allegations in paragraph 197, and note that the Court has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

**198.**   Defendants admit that certain claims of the '713 Patent reference an "electronic device," an "electronic conversation," "a messaging communication between the electronic device and a second electronic device," and a "display."  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 198, and note that the Court has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

**199.**   Defendants deny the allegations in paragraph 199, and note that the Court has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

## '713 Patent Allegations

**200.**   Defendants deny the allegations in paragraph 200, and note that the Court has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

**201.**   Defendants deny the allegations in paragraph 201, and note that the Court has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

**202.**   Defendants deny the allegations in paragraph 202, and note that the Court has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

**203.**   Defendants deny the allegations in paragraph 203, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims and has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101.  (ECF No. 68.)

**204.**   Defendants admit that they have had knowledge of the '713 Patent since receiving the Complaint.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 204, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims and has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

**205.**   Defendants admit that versions of Facebook Messenger, Facebook Messenger Lite, Facebook Pages Manager, Facebook Workplace Chat, WhatsApp, and Instagram software applications are made available to users, and that Defendants make available instructions related to various aspects of the applications.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 205, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims and has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

**206.**   Defendants deny the allegations in paragraph 206, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims and has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

**207.**   Defendants admit that versions of Facebook Messenger, Facebook Messenger Lite, Facebook Pages Manager, Facebook Workplace Chat, WhatsApp, and Instagram software applications are made available to users, including through the Apple App Store, and that Defendants make available instructions related to various aspects of the applications. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 207, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims and has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

**208.**   Defendants deny the allegations in paragraph 208, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement and willful infringement claims, and has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

209.    Defendants deny the allegations in paragraph 209, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims and has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

210.    Defendants deny the allegations in paragraph 210, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement and willful infringement claims and has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101.  (ECF No. 68.)

211.    Defendants deny the allegations in paragraph 211, and note that Court has dismissed BlackBerry's claims for willful infringement and has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101.  (ECF No. 68.)

212.    Defendants deny the allegations in paragraph 212, and note that the Court has dismissed BlackBerry's claims for willful infringement and has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101.  (ECF No. 68.)

213.    Defendants deny the allegations in paragraph 213, and note that the Court has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

214.    Defendants deny the allegations in paragraph 214, and note that the Court has found Claims 1, 5, and 9 of the '713 Patent invalid under 35 U.S.C. § 101. (ECF No. 68.)

## COUNT V: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,429,236

215.    Defendants incorporate by reference their responses in the foregoing paragraphs.

### The '236 Patent

216.    Defendants admit that paragraph 216 includes partial quotations from the '236 Patent's Abstract.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 216.

217.    Defendants admit that paragraph 217 includes partial quotations from the '236 Patent.  Except as expressly admitted, Defendants deny the remaining allegations

1    in paragraph 217.

2    **218.**   Defendants admit that paragraph 218 includes partial quotations and

3    summarized statements from the '236 Patent.  Except as expressly admitted, Defendants

4    deny the remaining allegations in paragraph 218.

5    **219.**   Defendants admit that paragraph 219 includes a quotation from the '236

6    Patent.  Except as expressly admitted, Defendants deny the remaining allegations in

7    paragraph 219.

8    **220.**   Defendants admit that paragraph 220 appears to reproduce Figures 2 and

9    3 from the '236 Patent, and also includes partial quotations and summarized statements

10   from the '236 Patent.  Except as expressly admitted, Defendants deny the remaining

11   allegations in paragraph 220.

12   **221.**   Defendants admit that paragraph 221 includes a quotation from Claim 1 of

13   the '236 Patent.   Except as expressly admitted, Defendants deny the remaining

14   allegations in paragraph 221.

15   <u>**The Alleged Inventions Claimed in the '236 Patent Were**</u>

16   <u>**Allegedly Not Well-Understood, Routine, or Conventional**</u>

17   **222.**   Defendants deny the allegations in paragraph 222.

18   **223.**   Defendants admit that paragraph 223 includes partial quotations from the

19   '236 Patent.  Except as expressly admitted, Defendants deny the remaining allegations

20   in paragraph 223.

21   **224.**   Defendants admit that paragraph 224 includes summarized statements

22   from the '236 Patent.  Except as expressly admitted, Defendants deny the remaining

23   allegations in paragraph 224.

24   **225.**   Defendants admit that paragraph 225 includes partial quotations from the

25   claims of the '237 Patent.  Except as expressly admitted, Defendants deny the remaining

26   allegations in paragraph 225.

27   **226.**   Defendants deny the allegations in paragraph 226.

28   **227.**   Defendants admit that various claims of the '236 Patent recite a "mobile

communications device," a "first transmission mode," a "second transmission mode," a "mode selector," and a "message generator." Except as expressly admitted, Defendants deny the remaining allegations in paragraph 227.

228. Defendants deny the allegations in paragraph 228.

### '236 Patent Allegations

229. Defendants deny the allegations in paragraph 229.

230. Defendants deny the allegations in paragraph 230.

231. Defendants deny the allegations in paragraph 231.

232. Defendants deny the allegations in paragraph 232.

233. Defendants deny the allegations in paragraph 233, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims. (ECF No. 68.)

234. Defendants admit that they have had knowledge of the '236 patent since receiving the Complaint. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 234, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims. (ECF No. 68.)

235. Defendants admit that versions of the Facebook Messenger and WhatsApp Messenger software applications are made available to users, and that Defendants make available instructions related to various aspects of the applications. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 235, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims. (ECF No. 68.)

236. Defendants deny the allegations in paragraph 236, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims. (ECF No. 68.)

237. Defendants admit that versions of the Facebook Messenger and WhatsApp Messenger software applications are made available to users, including through the Apple App Store, and that Defendants make available instructions related to various aspects of the applications. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 237, and note that the Court has dismissed

BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

**238.**   Defendants deny the allegations in paragraph 238, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement and willful infringement claims.  (ECF No. 68.)

**239.**   Defendants deny the allegations in paragraph 239, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

**240.**   Defendants deny the allegations in paragraph 240 and note that the Court has dismissed BlackBerry's pre-suit indirect infringement and willful infringement claims. (ECF No. 68.)

**241.**   Defendants deny the allegations in paragraph 241, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

**242.**   Defendants deny the allegations in paragraph 242, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

**243.**   Defendants deny the allegations in paragraph 243.

**244.**   Defendants deny the allegations in paragraph 244.

## COUNT VI: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,677,250

**245.**   Defendants incorporate by reference their responses in the foregoing paragraphs.

### The '250 Patent

**246.**   Defendants admit that paragraph 246 includes partial quotations from the '250 Patent's Abstract.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 246.

**247.**   Defendants admit that paragraph 247 includes partial quotations from the '250 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 247.

**248.**   Defendants admit that paragraph 248 includes partial quotations from the '250 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 248.

249.  Defendants admit that paragraph 249 appears to reproduce Figure 7B from the '250 Patent, and also includes partial quotations from the '250 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 249.

250.  Defendants admit that paragraph 250 appears to reproduce Figure 5B from the '250 Patent, and also includes partial quotations from the '250 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 250.

251.  Defendants admit that paragraph 251 includes a quotation from Claim 1 of the '250 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 251.

## The Alleged Inventions Claimed in the '250 Patent Were
## Alleged Not Well-Understood, Routine, or Conventional

252.  Defendants deny the allegations in paragraph 252.

253.  Defendants admit that paragraph 253 includes partial quotations from the '250 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 253.

254.  Defendants admit that various claims of the '250 Patent recite "enabling a game application to utilize a contact list for an instant messaging application," "preparing game messages," a "game in progress user interface," and "detecting a selection in the instant messaging conversation user interface." Except as expressly admitted, Defendants deny the remaining allegations in paragraph 254.

255.  Defendants deny the allegations in paragraph 255.

256.  Defendants deny the allegations in paragraph 256.

257.  Defendants admit that certain claims of the '250 Patent recite an "electronic device," "a game application on the electronic device," "a contact list for an instant messaging application," "an instant messaging message," "an instant messaging conversation user interface," and "a game in progress user interface."  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 257.

1    **258.**   Defendants deny the allegations in paragraph 258.

2                              **'250 Patent Allegations**

3    **259.**   Defendants deny the allegations in paragraph 259.

4    **260.**   Defendants deny the allegations in paragraph 260.

5    **261.**   Defendants deny the allegations in paragraph 261.

6    **262.**   Defendants deny the allegations in paragraph 262, and note that the Court

7    has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68).

8    **263.**   Defendants admit that they have had knowledge of the '250 patent since

9    receiving the Complaint.  Except as expressly admitted, Defendants deny the remaining

10   allegations in paragraph 263, and note that the Court has dismissed BlackBerry's pre-

11   suit indirect infringement claims.  (ECF No. 68.)

12   **264.**   Defendants admit that the website located at www.facebook.com and

13   versions of the Facebook Messenger software application are made available to users,

14   and that Defendants make available instructions related to various aspects of the

15   applications.  Except as expressly admitted, Defendants deny the remaining allegations

16   in paragraph 264, and note that the Court has dismissed BlackBerry's pre-suit indirect

17   infringement claims.  (ECF No. 68.)

18   **265.**   Defendants deny the allegations in paragraph 265, and note that the Court

19   has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

20   **266.**   Defendants admit that the website located at www.facebook.com and

21   versions of the Facebook Messenger software application are made available to users,

22   including through the Apple App Store, and that Defendants make available instructions

23   related to various aspects of the applications.  Except as expressly admitted, Defendants

24   deny the remaining allegations in paragraph 266, and note that the Court has dismissed

25   BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

26   **267.**   Defendants deny the allegations in paragraph 267, and note that the Court

27   has dismissed BlackBerry's pre-suit indirect infringement and willful infringement

28   claims.  (ECF No. 68.)

268.   Defendants deny the allegations in paragraph 268, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

269.   Defendants deny the allegations in paragraph 269, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement and willful infringement claims. (ECF No. 68.)

270.   Defendants deny the allegations in paragraph 270, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

271.   Defendants deny the allegations in paragraph 271, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

272.   Defendants deny the allegations in paragraph 272.

273.   Defendants deny the allegations in paragraph 273.

### COUNT VII: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,349,120

274.   Defendants incorporate by reference their responses in the foregoing paragraphs.

### The '120 Patent

275.   Defendants admit that paragraph 275 includes partial quotations from the '120 Patent's Abstract.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 275.

276.   Defendants admit that paragraph 276 includes partial quotations from the '120 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 276.

277.   Defendants admit that paragraph 277 appears to reproduce Figure 5 from the '120 Patent, and also includes partial quotations and summarized statements from the '120 Patent.   Except as expressly admitted, Defendants deny the remaining allegations in paragraph 277.

278.   Defendants admit that paragraph 278 appears to reproduce Figure 6 from the '120 Patent, and also includes partial quotations from the '120 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 278.

279.    Defendants admit that paragraph 279 includes a quotation from Claim 13 of the '120 Patent.   Except as expressly admitted, Defendants deny the remaining allegations in paragraph 279.

### The Alleged Inventions Claimed in the '120 Patent Were
### Alleged Not Well-Understood, Routine, or Conventional

280.    Defendants deny the allegations in paragraph 280.

281.    Defendants admit that paragraph 281 includes partial quotations from the '120 Patent.   Except as expressly admitted, Defendants deny the remaining allegations in paragraph 281.

282.    Defendants admit that paragraph 282 includes partial quotations from the claims of the '120 Patent.   Except as expressly admitted, Defendants deny the remaining allegations in paragraph 282.

283.    Defendants deny the allegations in paragraph 283.

284.    Defendants admit that various claims of the '120 Patent recite "electronic messages," "message threads for silencing," "the display of an electronic message in an inbox," a "notification setting" related to a "notification pertaining to receipt of" a message, and associating a message with "one or more message threads." Except as expressly admitted, Defendants deny the remaining allegations in paragraph 284.

285.    Defendants deny the allegations in paragraph 285.

### '120 Patent Allegations

286.    Defendants deny the allegations in paragraph 286.

287.    Defendants deny the allegations in paragraph 287.

288.    Defendants deny the allegations in paragraph 288.

289.    Defendants deny the allegations in paragraph 289, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

290.    Defendants admit that they have had knowledge of the '120 patent since receiving the Complaint.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 290, and note that the Court has dismissed BlackBerry's pre-

suit indirect infringement claims.  (ECF No. 68.)

**291.**   Defendants deny the allegations in paragraph 291, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

**292.**   Defendants deny the allegations in paragraph 292.

**293.**   Defendants admit that versions of Facebook Messenger, Facebook Messenger Lite, Facebook Workplace Chat, WhatsApp, and Instagram software applications are made available to users, including through the Apple App Store, and that Defendants make available instructions related to various aspects of the applications.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 293, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

**294.**   Defendants deny the allegations in paragraph 294, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

**295.**   Defendants deny the allegations in paragraph 295, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement claims.  (ECF No. 68.)

**296.**   Defendants deny the allegations in paragraph 296, and note that the Court has dismissed BlackBerry's pre-suit indirect infringement and willful infringement claims. (ECF No. 68.)

**297.**   Defendants deny the allegations in paragraph 297, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

**298.**   Defendants deny the allegations in paragraph 298, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

**299.**   Defendants deny the allegations in paragraph 299.

**300.**   Defendants deny the allegations in paragraph 300.

**COUNT VIII: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,296,351**

**301.**   Defendants incorporate by reference their responses in the foregoing paragraphs.

**The '351 Patent**

**302.**   Defendants admit that paragraph 302 includes partial quotations from the '351 Patent's Abstract.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 302.

**303.**   Defendants admit that paragraph 303 includes partial quotations from the '351 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 303.

**304.**   Defendants admit that paragraph 304 appears to reproduce Figure 1 from the '351 Patent, and also includes partial quotations and summarized statements from the '351 Patent.   Except as expressly admitted, Defendants deny the remaining allegations in paragraph 304.

**305.**   Defendants admit that paragraph 305 includes a quotation from Claim 1 of the '351 Patent.   Except as expressly admitted, Defendants deny the remaining allegations in paragraph 305.

**The Alleged Inventions Claimed in the '351 Patent Were**
**Alleged Not Well-Understood, Routine, or Conventional**

**306.**   Defendants deny the allegations in paragraph 306.

**307.**   Defendants admit that paragraph 307 includes partial quotations from the '351 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 307.

**308.**   Defendants admit that paragraph 308 includes partial quotations from the claims of the '351 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 308.

**309.**   Defendants deny the allegations in paragraph 309.

**310.**   Defendants admit that various claims of the '351 Patent recite a "proxy content server that receives information over computer network from an information source," "wireless network," and "mobile device." Except as expressly admitted, Defendants deny the remaining allegations in paragraph 310.

**311.** Defendants deny the allegations in paragraph 311.

### '351 Patent Allegations

**312.** Defendants deny the allegations in paragraph 312.

**313.** Defendants deny the allegations in paragraph 313.

**314.** Defendants deny the allegations in paragraph 314.

**315.** Defendants admit that they have had knowledge of the '351 Patent since receiving the FAC.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 315, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

**316.** Defendants deny the allegations in paragraph 316, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

**317.** Defendants deny the allegations in paragraph 317, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

**318.** Defendants deny the allegations in paragraph 318, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

**319.** Defendants deny the allegations in paragraph 319, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

**320.** Defendants deny the allegations in paragraph 320.

**321.** Defendants deny the allegations in paragraph 321.

### COUNT IX: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,676,929

**322.** Defendants incorporate by reference their responses in the foregoing paragraphs.

### The '929 Patent

**323.** Defendants admit that the '929 Patent purports to have issued from a continuation application stemming from the application that gave rise to the '351 Patent. Defendants admit that the '929 Patent specification appears to be substantially identical to the specification of the '351 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 323.

324.   Defendants admit that paragraph 324 includes a quotation from Claim 1 of the '929 Patent.   Except as expressly admitted, Defendants deny the remaining allegations in paragraph 324.

### The Alleged Inventions Claimed in the '929 Patent Were
### Allegedly Not Well-Understood, Routine, or Conventional

325.   Defendants deny the allegations in paragraph 325.

326.   Defendants admit that paragraph 326 includes partial quotations from the claims of the '929 Patent.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 326.

327.   Defendants deny the allegations in paragraph 327.

328.   Defendants deny the allegations in paragraph 328.

329.   Defendants admit that various claims of the '929 Patent recite "a server," a "time triggering event," a "wireless network," a "mobile device" and a "meta tag." Except as expressly admitted, Defendants deny the remaining allegations in paragraph 329.

330.   Defendants deny the allegations in paragraph 330.

### '929 Patent Allegations

331.   Defendants deny the allegations in paragraph 331.

332.   Defendants deny the allegations in paragraph 332.

333.   Defendants deny the allegations in paragraph 333.

334.   Defendants admit that they have had knowledge of the '929 Patent since receiving the FAC.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 334, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

335.   Defendants admit that Facebook users may access Facebook's advertising features, including via Facebook Watch and Facebook Live.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 335, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

**336.**   Defendants deny the allegations in paragraph 336, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

**337.**   Defendants deny the allegations in paragraph 337, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

**338.**   Defendants deny the allegations in paragraph 338, and note that the Court has dismissed BlackBerry's claims for willful infringement. (ECF No. 68.)

**339.**   Defendants deny the allegations in paragraph 339.

**340.**   Defendants deny the allegations in paragraph 340.

### RESPONSE TO PRAYER FOR RELIEF

Defendants incorporate by reference all preceding paragraphs of this Answer as if fully set forth herein.  Defendants deny any and all allegations of patent infringement alleged in the FAC.  Defendants deny all allegations that Plaintiff is entitled to any relief requested in paragraphs "A" to "H" of the FAC's Prayer for relief, or any other relief.

### AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Defendants assert the following defenses to the FAC and reserve their rights to assert additional defenses.

### FIRST DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 7,372,961

Defendants do not infringe and have not infringed, directly or indirectly, any valid claim of the '961 Patent.

### SECOND DEFENSE – INVALIDITY OF U.S. PATENT NO. 7,372,961

All asserted claims of the '961 Patent are invalid for failure to satisfy the conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 8,209,634

Defendants do not infringe and have not infringed, directly or indirectly, any valid claim of the '634 Patent.

1    **FOURTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 8,209,634**

2    All asserted claims of the '634 Patent are invalid for failure to satisfy the

3    conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to

4    §§ 101, 102, 103, and/or 112.

5    **FIFTH DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 8,279,173**

6    Defendants do not infringe and have not infringed, directly or indirectly, any

7    valid claim of the '173 Patent.

8    **SIXTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 8,279,173**

9    All asserted claims of the '173 Patent are invalid for failure to satisfy the

10   conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to

11   §§ 101, 102, 103, and/or 112.

12   **SEVENTH DEFENSE – NON-INFRINGEMENT OF**

13   **U.S. PATENT NO. 8,301,713**

14   Defendants do not infringe and have not infringed, directly or indirectly, any

15   valid claim of the '713 Patent.

16   **EIGHTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 8,301,713**

17   All asserted claims of the '713 Patent are invalid for failure to satisfy the

18   conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to

19   §§ 101, 102, 103, and/or 112.

20   **NINTH DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 8,429,236**

21   Defendants do not infringe and have not infringed, directly or indirectly, any

22   valid claim of the '236 Patent.

23   **TENTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 8,429,236**

24   All asserted claims of the '236 Patent are invalid for failure to satisfy the

25   conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to

26   §§ 101, 102, 103, and/or 112.

27   / / /

28   / / /

1    **ELEVENTH DEFENSE – NON-INFRINGEMENT OF**

2    **U.S. PATENT NO. 8,677,250**

3        Defendants do not infringe and have not infringed, directly or indirectly, any

4    valid claim of the '250 Patent.

5    **TWELVETH DEFENSE – INVALIDITY OF U.S. PATENT NO. 8,677,250**

6        All asserted claims of the '250 Patent are invalid for failure to satisfy the

7    conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to

8    §§ 101, 102, 103, and/or 112.

9    **THIRTEENTH DEFENSE – NON-INFRINGEMENT OF**

10   **U.S. PATENT NO. 9,349,120**

11       Defendants do not infringe and have not infringed, directly or indirectly, any

12   valid claim of the '120 Patent.

13   **FOURTEENTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 9,349,120**

14       All asserted claims of the '120 Patent are invalid for failure to satisfy the

15   conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to

16   §§ 101, 102, 103, and/or 112.

17   **FIFTEENTH DEFENSE – NON-INFRINGEMENT OF**

18   **U.S. PATENT NO. 8,296,351**

19       Defendants do not infringe and have not infringed, directly or indirectly, any

20   valid claim of the '351 Patent.

21   **SIXTEENTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 8,296,351**

22       All asserted claims of the '351 Patent are invalid for failure to satisfy the

23   conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to

24   §§ 101, 102, 103, and/or 112.

25   **SEVENTEENTH DEFENSE – NON-INFRINGEMENT OF**

26   **U.S. PATENT NO. 8,676,929**

27       Defendants do not infringe and have not infringed, directly or indirectly, any

28   valid claim of the '929 Patent.

### EIGHTEENTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 8,676,929

All asserted claims of the '929 Patent are invalid for failure to satisfy the conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112.

### NINETEENTH DEFENSE – FAILURE TO STATE A CLAIM

The FAC fails to state a claim upon which relief can be granted.

### TWENTIETH DEFENSE – EQUITABLE DEFENSES

Plaintiff's claims are barred, in whole or in part, by estoppel, acquiescence, waiver, unclean hands, and/or other equitable defenses.

### TWENTY-FIRST DEFENSE – EXPRESS OR IMPLIED LICENSE

Plaintiff's claims are barred, in whole or in part, express license agreements and/or under the doctrine of implied license.

### TWENTY-SECOND DEFENSE – LIMITATION ON DAMAGES

Plaintiff's claims for costs and/or damages are barred, in whole or in part, by 35 U.S.C. §§ 41(b), 286 and/or 288 and 37 C.F.R. § 1.362.

### TWENTY-THIRD DEFENSE – FAILURE TO MARK

Plaintiff is barred from recovering damages for any alleged patent infringement because Plaintiff has made, offered for sale, or sold within the United States a patented article without giving proper notice to the public that the same is patented. 35 U.S.C. § 287.

### TWENTY-FOURTH DEFENSE – NO INJUNCTIVE RELIEF

Plaintiff's demand to enjoin Defendants is barred, as Plaintiff has suffered neither harm nor irreparable harm from Defendants' actions.

### RESERVATION OF RIGHTS

Defendants hereby reserve the right to amend their Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the course of

litigation.

## COUNTERCLAIMS

Defendants and Counterclaimants Facebook, Inc. ("Facebook"), Instagram, LLC ("Instagram, LLC"), and WhatsApp, Inc. ("WhatsApp"), by and through their undersigned counsel, hereby allege the following counterclaims against Plaintiff and Counterclaim-Defendant BlackBerry Limited ("BlackBerry"):

## THE PARTIES

1.     Facebook is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1601 Willow Road, Menlo Park, CA, 94025.

2.     Instagram, LLC is a limited liability company existing under the laws of the State of Delaware, having a principal place of business at 1601 Willow Road, Menlo Park, CA, 94025.

3.     WhatsApp, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1601 Willow Road, Menlo Park, CA, 94025.

## JURISDICTION AND VENUE

4.     This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Counterclaimants seek relief under the Declaratory Judgment Act. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

5.     The Court has personal jurisdiction and venue over BlackBerry because it consented to personal jurisdiction and venue by filing the Complaint in this action.

## COUNT 1
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,372,961

6.     Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

7.      BlackBerry claims to be owner of all right, title, and interest in the '961 Patent.

8.      BlackBerry has accused Counterclaimant Facebook of infringement of the '961 Patent.  BlackBerry has created a substantial, immediate, and real controversy between the parties as to the infringement of the '961 Patent.

9.      Counterclaimant Facebook has not infringed and currently does not infringe any asserted claim of the '961 Patent directly, indirectly, by inducement, or in any other manner.

10.     BlackBerry is entitled to no relief.

## COUNT 2

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,372,961

11.     Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

12.     BlackBerry contends that the asserted claims of the '961 Patent are valid and enforceable. BlackBerry has created a substantial, immediate, and real controversy between the parties as to the invalidity of the asserted claims of the '961 Patent.

13.     Each asserted claim of the '961 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

14.     BlackBerry is entitled to no relief.

## COUNT 3

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,209,634

15.     Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

16.     BlackBerry claims to be owner of all right, title, and interest in the '634 Patent.

17.     BlackBerry has accused Counterclaimants Facebook, WhatsApp, and Instagram, LLC of infringement of the '634 Patent.  BlackBerry has created a

substantial, immediate, and real controversy between the parties as to the infringement of the '634 Patent.

**18.** Counterclaimants Facebook, WhatsApp, and Instagram, LLC have not infringed and currently do not infringe any asserted claim of the '634 Patent directly, indirectly, by inducement, or in any other manner.

**19.** BlackBerry is entitled to no relief.

**COUNT 4**

**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,209,634**

**20.** Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

**21.** BlackBerry contends that the asserted claims of the '634 Patent are valid and enforceable. BlackBerry has created a substantial, immediate, and real controversy between the parties as to the invalidity of the asserted claims of the '634 Patent.

**22.** Each asserted claim of the '634 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**23.** BlackBerry is entitled to no relief.

**COUNT 5**

**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,279,173**

**24.** Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

**25.** BlackBerry claims to be owner of all right, title, and interest in the '173 Patent.

**26.** BlackBerry has accused Counterclaimants Facebook and Instagram, LLC of infringement of the '173 Patent.  BlackBerry has created a substantial, immediate, and real controversy between the parties as to the infringement of the '173 Patent.

**27.** Counterclaimants Facebook and Instagram, LLC have not infringed and currently do not infringe any asserted claim of the '173 Patent directly, indirectly, by inducement, or in any other manner.

28.    BlackBerry is entitled to no relief.

## COUNT 6

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,279,173

29.    Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

30.    BlackBerry contends that the asserted claims of the '173 Patent are valid and enforceable. BlackBerry has created a substantial, immediate, and real controversy between the parties as to the invalidity of the asserted claims of the '173 Patent.

31.    Each asserted claim of the '173 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

32.    BlackBerry is entitled to no relief.

## COUNT 7

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,301,713

33.    Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

34.    BlackBerry claims to be owner of all right, title, and interest in the '713 Patent.

35.    BlackBerry has accused Counterclaimants Facebook, WhatsApp, and Instagram, LLC of infringement of the '713 Patent. BlackBerry has created a substantial, immediate, and real controversy between the parties as to the infringement of the '713 Patent.

36.    Counterclaimants Facebook, WhatsApp, and Instagram, LLC have not infringed and currently do not infringe any asserted claim of the '713 Patent directly, indirectly, by inducement, or in any other manner.

37.    BlackBerry is entitled to no relief.

/ / /

/ / /

/ / /

## COUNT 8

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,301,713

**38.** Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

**39.** BlackBerry contends that the asserted claims of the '713 Patent are valid and enforceable. BlackBerry has created a substantial, immediate, and real controversy between the parties as to the invalidity of the asserted claims of the '713 Patent.

**40.** Each asserted claim of the '713 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**41.** BlackBerry is entitled to no relief.

## COUNT 9

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,429,236

**42.** Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

**43.** BlackBerry claims to be owner of all right, title, and interest in the '236 Patent.

**44.** BlackBerry has accused Counterclaimants Facebook and WhatsApp of infringement of the '236 Patent. BlackBerry has created a substantial, immediate, and real controversy between the parties as to the infringement of the '236 Patent.

**45.** Counterclaimants Facebook and WhatsApp have not infringed and currently do not infringe any asserted claim of the '236 Patent directly, indirectly, by inducement, or in any other manner.

**46.** BlackBerry is entitled to no relief.

## COUNT 10

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,429,236

**47.** Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

**48.** BlackBerry contends that the asserted claims of the '236 Patent are valid

1    and enforceable. BlackBerry has created a substantial, immediate, and real controversy

2    between the parties as to the invalidity of the asserted claims of the '236 Patent.

3        **49.**    Each asserted claim of the '236 Patent is invalid for failure to comply with

4    one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

5        **50.**    BlackBerry is entitled to no relief.

6                                      <u>**COUNT 11**</u>

7    <u>**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,677,250**</u>

8        **51.**    Counterclaimants incorporate their allegations in Counterclaim Paragraphs

9    1 through 5 as though fully set forth herein.

10       **52.**    BlackBerry claims to be owner of all right, title, and interest in the '250

11   Patent.

12       **53.**    BlackBerry has accused Counterclaimant Facebook of infringement of the

13   '250 Patent.  BlackBerry has created a substantial, immediate, and real controversy

14   between the parties as to the infringement of the '250 Patent.

15       **54.**    Counterclaimant Facebook has not infringed and currently does not

16   infringe any asserted claim of the '250 Patent directly, indirectly, by inducement, or in

17   any other manner.

18       **55.**    BlackBerry is entitled to no relief.

19                                     <u>**COUNT 12**</u>

20   <u>**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,677,250**</u>

21       **56.**    Counterclaimants incorporate their allegations in Counterclaim Paragraphs

22   1 through 5 as though fully set forth herein.

23       **57.**    BlackBerry contends that the asserted claims of the '250 Patent are valid

24   and enforceable. BlackBerry has created a substantial, immediate, and real controversy

25   between the parties as to the invalidity of the asserted claims of the '250 Patent.

26       **58.**    Each asserted claim of the '250 Patent is invalid for failure to comply with

27   one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

28       **59.**    BlackBerry is entitled to no relief.

## COUNT 13

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,349,120

**60.**     Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

**61.**     BlackBerry claims to be owner of all right, title, and interest in the '120 Patent.

**62.**     BlackBerry has accused Counterclaimants Facebook, Instagram, LLC, and WhatsApp of infringement of the '120 Patent.  BlackBerry has created a substantial, immediate, and real controversy between the parties as to the infringement of the '120 Patent.

**63.**     Counterclaimants Facebook, Instagram, LLC, and WhatsApp have not infringed and currently do not infringe any asserted claim of the '120 Patent directly, indirectly, by inducement, or in any other manner.

**64.**     BlackBerry is entitled to no relief.

## COUNT 14

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,349,120

**65.**     Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

**66.**     BlackBerry contends that the asserted claims of the '120 Patent are valid and enforceable. BlackBerry has created a substantial, immediate, and real controversy between the parties as to the invalidity of the asserted claims of the '120 Patent.

**67.**     Each asserted claim of the '120 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**68.**     BlackBerry is entitled to no relief.

## COUNT 15

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,269,351

**69.**     Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

70.    BlackBerry claims to be owner of all right, title, and interest in the '351 Patent.

71.    BlackBerry has accused Counterclaimants Facebook and Instagram, LLC of infringement of the '351 Patent.  BlackBerry has created a substantial, immediate, and real controversy between the parties as to the infringement of the '351 Patent.

72.    Counterclaimants Facebook and Instagram, LLC have not infringed and currently do not infringe any asserted claim of the '351 Patent directly, indirectly, by inducement, or in any other manner.

73.    BlackBerry is entitled to no relief.

## COUNT 16

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,269,351

74.    Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

75.    BlackBerry contends that the asserted claims of the '351 Patent are valid and enforceable. BlackBerry has created a substantial, immediate, and real controversy between the parties as to the invalidity of the asserted claims of the '351 Patent.

76.    Each asserted claim of the '351 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

77.    BlackBerry is entitled to no relief.

## COUNT 17

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,676,929

78.    Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

79.    BlackBerry claims to be owner of all right, title, and interest in the '929 Patent.

80.    BlackBerry has accused Counterclaimants Facebook and Instagram, LLC of infringement of the '929 Patent.  BlackBerry has created a substantial, immediate, and real controversy between the parties as to the infringement of the '929 Patent.

81.     Counterclaimants Facebook and Instagram, LLC have not infringed and currently do not infringe any asserted claim of the '929 Patent directly, indirectly, by inducement, or in any other manner.

82.     BlackBerry is entitled to no relief.

## COUNT 18

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,676,929

83.     Counterclaimants incorporate their allegations in Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

84.     BlackBerry contends that the asserted claims of the '929 Patent are valid and enforceable. BlackBerry has created a substantial, immediate, and real controversy between the parties as to the invalidity of the asserted claims of the '929 Patent.

85.     Each asserted claim of the '929 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

86.     BlackBerry is entitled to no relief.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enter judgment:

A.     In favor of Defendants, and against Plaintiff, thereby dismissing Plaintiff's FAC in its entirety, with prejudice, with Plaintiff taking nothing by way of its claims;

B.     Declaring and adjudging that Defendants have not infringed, and are not now infringing any valid claim of the asserted patents, under any subsection of 35 U.S.C. § 271;

C.     Declaring and adjudging that all asserted claims of the asserted patents are invalid and/or unenforceable;

D.     That this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Plaintiff to pay Defendants' reasonable attorneys' fees incurred in this action;

E.     That Plaintiff pay all costs incurred by Defendants in this action; and awarding Defendants all other relief that the Court deems just and proper.

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Defendants respectfully request a trial by jury on all issues so triable.

3

4

Dated:  September 4, 2018                           COOLEY LLP

5

6

*/s/ Heidi L. Keefe*
Heidi L. Keefe

7

8

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)

9

MARK R. WEINSTEIN (193043)

10

(mweinstein@cooley.com)
MATTHEW J. BRIGHAM (191428)

11

(mbrigham@cooley.com)

12

LOWELL D. MEAD (223989)
(lmead@cooley.com)

13

3175 Hanover Street

14

Palo Alto, CA  94304-1130
Telephone: (650) 843-5000

15

Facsimile:  (650) 849-7400

16

17

COOLEY LLP
MICHAEL G. RHODES (116127)

18

(rhodesmg@cooley.com)

19

101 California Street
5th Floor

20

San Francisco, CA  94111-5800

21

Telephone: (415) 693-2000
Facsimile:  (415) 693-2222

22

23

Attorneys for Defendants

24

FACEBOOK, INC., WHATSAPP INC.,
INSTAGRAM, INC., and

25

INSTAGRAM, LLC

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

52

RESPONSE TO FIRST AMENDED COMPLAINT
2:18-CV-01844-GW