UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-1844-GW(KSx)**<br>CV 18-2693-GW(KSx) | Date | February 20, 2019 |
|---|---|---|---|
| Title | *BlackBerry Limited v. Facebook, Inc. et al*<br>*BlackBerry Limited v. Snap Inc.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present   None Present

**PROCEEDINGS:**   **IN CHAMBERS - ORDER REGARDING JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Attached hereto is the Court's Order Regarding Joint Claim Construction and Prehearing Statement.

:

Initials of Preparer   JG

<u>BlackBerry Limited v. Facebook, Inc. et al</u>; Case No. 2:18-cv-01844-GW-(KSx) (LEAD CASE)
Order Regarding Joint Claim Construction and Prehearing Statement

I.  **Terms**

After considering the parties' Joint Claim Construction and Prehearing Statement (Docket No. 110), the parties will be permitted to brief their claim construction disputes for the following terms at this time:

A.  **Facebook and Snap Patent Terms**

| Term | Patent | BlackBerry's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| "wireless communication device" | '634 Patent[1] | "small-screen wireless mobile device" | No construction required; in the alternative, "device that can communicate without wires" |
| "icon" | '634 Patent | "picture or symbol representing a computer application or function" | "graphical image" |
| "messaging correspondent"[2] | '634 Patent | "distinct sender of an electronic message to the user of the wireless communication device" | "a person from whom messages may be received" |
| "predetermined duration of time"[3] | '713 Patent | "duration of time determined in advance" | "a length of time set in advance before the first messaging communication is sent" |
| "proxy content server" | '351 Patent | "server that aggregates information from an information source for distribution to a device" | "a computer that receives information over a computer network and provides it to another device" |

---

[1] The Court requests that the parties identify the asserted claims where each claim term appears in their claim construction briefing.

[2] Particularly for this term (but to some extent for all disputed claim terms), the Court requests that the parties' claim construction briefing explain the relevance of this dispute to dispositive issues in this case, including whether this dispute would be rendered moot in light of the interpretation and/or plain and ordinary understanding of other limitations in the same asserted claims of the '634 Patent. The parties' competing proposals suggest that the parties may benefit from further meet and confer discussions as to this term.

[3] Particularly for this term (but to some extent for all disputed claim terms), the Court requests that the parties' claim construction briefing explain the relevance of this dispute to dispositive issues in this case. The parties' competing proposals suggest that the parties may benefit from further meet and confer discussions as to this term.

1

| | | | |
|---|---|---|---|
| "meta tag for one or more advertisements to be displayed with the content information" | '929 Patent | "embedded control sequence inserted to indicate when advertising should be inserted for one or more advertisements to be displayed with the content information" | "meta tag for one or more advertisements to be displayed at the same time as the content information"<br><br>"Meta tag" does not need to be construed and should be given its plain and ordinary meaning. To the extent it is construed as BlackBerry contends, a "meta tag" is "one or more characters containing information about a file, record type or other structure, where the characters and information cannot be viewed by a user" |
| "content information"[4] | '351 Patent, '929 Patent | Plain and ordinary meaning; alternatively, "information other than advertising information" | "information other than advertising information and meta tags, which is displayed for viewing by the user" |
| "when the information relevant to the detected triggering event comprises advertisement, transmitting the advertisement to the mobile device instead of the content information that includes the meta tag" | '929 Patent | Plain and ordinary meaning | Claim 2 is Invalid; dependent claim broader than independent under 35 U.S.C. 112 ¶ 4 |

---

[4] Particularly for this term (but to some extent for all disputed claim terms), the Court requests that the parties' claim construction briefing explain the relevance of this dispute to dispositive issues in this case, including whether this dispute would be rendered moot in light of the interpretation and/or plain and ordinary understanding of other limitations in the same asserted claims of the '351 and '929 Patents.  The parties' competing proposals suggest that the parties may benefit from further meet and confer discussions as to this term.

2

| | | | |
|---|---|---|---|
| "a numeric character representing a count of the plurality of different message correspondents for which one or more of the electronic messages have been received and remain unread" | '634 Patent | Plain and ordinary meaning | Facebook: "a number that enables the user to track the number of correspondents from whom the user has received unread messages"<br><br>Snap: "the number of different messaging correspondents for which one or more of the electronic messages have been received and remain unread"[5] |

## B. Facebook-Only Patent Terms

| Term | Patent | BlackBerry's Proposed Construction | Facebook Defendants' Proposed Construction |
|---|---|---|---|
| "reducing mod q" | '961 Patent | Plain and ordinary meaning | "computing the remainder of dividing a value by q" |
| "notification"[6] | '120 Patent | Plain and ordinary meaning; alternatively, "user alert" | "an indication providing notice that an event has occurred" |
| "message transmission mode" | '236 Patent | "operating condition that controls the transmission of status messages" | "way in which status messages are transmitted" |
| "flag"[7] | '120 Patent | Plain and ordinary meaning; alternatively, "mark or code indicating a status or condition" | "status indicator" |

---

[5] Defendants' competing proposals suggest that they may benefit from further discussion as to whether there are any substantive differences in their proposals for the claim construction of this claim term.

[6] Particularly for this term (but to some extent for all disputed claim terms), the Court requests that the parties' claim construction briefing explain the relevance of this dispute to dispositive issues in this case. The parties' competing proposals suggest that the parties may benefit from further meet and confer discussions as to this term.

[7] Particularly for this term (but to some extent for all disputed claim terms), the Court requests that the parties' claim construction briefing explain the relevance of this dispute to dispositive issues in this case. The parties' competing proposals suggest that the parties may benefit from further meet and confer discussions as to this term.

C. Snap-Only Patent Terms

| Term | Patent | BlackBerry's Proposed Construction | Snap's Proposed Construction |
|---|---|---|---|
| "determine / determining at least one action spot within a predetermined distance from the current location of the mobile device" | '084 Patent, '327 Patent | Plain and ordinary meaning | "determine / determining each action spot within a specific distance from the current location of the [first] mobile device, the specific distance being set prior to this determining step"[8] |
| "activity level" | '084 Patent, '327 Patent | "measure of the actions taken by one or more mobile devices" | "the number of actions where the [second] mobile device is being used to observe and make note of a location or event currently occurring at the location of the [second] mobile device" |

II. Parties' "Impact Statements" in Appendix A

As the statements in some of the footnotes in this Order suggest, it is this Court's practice to require the parties to disclose their understanding of how the adoption of a particular claim construction for a disputed claim term may impact dispositive issues in the case, including issues related to non-infringement and invalidity. In the parties' Appendix A to the Joint Claim Construction and Prehearing Statement, each party includes a generalized "impact statement" for each term. *See generally*, Docket No. 110-1. These "impact statements" do not provide a helpful level of detail for the Court to understand the impact of each of the parties' disputes. For instance, for the "wireless communication device" term, Defendants' "impact statement" says "Defendants currently believe the construction of this term will assist with the determination of noninfringement if Plaintiff's construction [is] adopted and invalidity if Defendants' construction is adopted." *Id.* at A1-2, A1-3. The parties should be prepared to provide more targeted context regarding the specific dispute regarding the disputed claim terms at the claim construction hearing and in their

---

[8] Particularly for this term (but to some extent other disputed claim terms, as relevant), the Court requests that Defendants (in this case, Snap) explain the relevance, if any, to dispositive issues in this case if the Court were to adopt *BlackBerry's* proposal, including any relevance to questions of the validity of certain asserted claims under § 101.

4

briefing.

### III. Claim Construction Briefing

Because of the distribution of asserted patents and disputed claim terms against Snap and Facebook Defendants, the Court finds that judicial economy would be served by giving the parties the option to participate in a modified briefing procedure. Accordingly, the parties will be permitted to brief their claim construction disputes as follows:

- Opening Claim Construction Briefs
    - "Common Defendants" Brief: 23 pages
    - "Facebook-Only" Brief:[9] 10 pages
    - "Snap-Only" Brief: 5 pages
    - BlackBerry Brief: 38 pages
- Responsive Claim Construction Briefs
    - "Common Defendants" Brief: 9 pages
    - "Facebook-Only" Brief: 4 pages
    - "Snap-Only" Brief: 2 pages
    - BlackBerry Brief: 15 pages

Alternatively, Defendants may agree to collectively file single briefs including all disputed claim terms, with their opening brief not to exceed 38 pages and responsive brief not to exceed 15 pages. Defendants must disclose to BlackBerry whether they intend to file a single collective opening brief and single collective responsive brief, or intend to file distinct briefs according to the limitations explained herein, by February 22, 2019.

### IV. Technology Tutorial Materials

Because a live technology tutorial is set for this matter on March 21, 2019 at 8:30 a.m., the aspect of S.P.R. 3.5 permitting parties to "submit a technology tutorial of no more than 20 minutes in length on CD-ROM, DVD, or USB thumb drive" with their responsive briefs does not apply to this case. However, to the extent the parties intend to present slide decks or other demonstratives at the technology tutorial, those materials must still be exchanged with their responsive briefs

---

[9] The Defendant-specific briefs contemplated by the proposed modified briefing described in this Order would only be used to address and respond to the Defendant-specific claim terms. Thus, for instance, the Facebook-only brief would only include arguments related to the Facebook-only claim terms. The Facebook-only brief could not be used to provide further arguments regarding any of the claim terms common to all Defendants. Even though Defendants offer different constructions for the term "a numeric character representing a count . . . ," that term would be briefed in the "Common Defendants" brief.

consistent with S.P.R. 3.5's requirements for presentation materials intended to be used at the claim construction hearing.

### V. Anticipated Length of Time for Hearing

The parties state that they "each request at least 90 minutes total for respective presentations at the claim construction hearing." Docket No. 110 at 11. The parties should be prepared to receive a much shorter amount of time to present their positions at the hearing.

### VI. Claim Construction Expert Witnesses

BlackBerry states that Defendants failed to "identify any live testimony, experts or expert testimony" during claim construction discovery. Docket No. 110 at 11. Defendants state that they "do not currently intend to present live testimony but reserve the right to do so consistent with any rebuttal declarations to be served with the parties' responsive claim construction briefs." *Id.* at 12. Defendants are **ORDERED** to disclose any experts that they may rely on to submit rebuttal declarations with their responsive claim construction brief(s) by February 22, 2019, including their expected likelihood that they will rely on the disclosed expert(s). Defendants must further disclose what claim terms each identified potential rebuttal expert would be expected to provide rebuttal opinions about, and the general substance of those expected opinions. At this time, the Court declines make a determination regarding BlackBerry's objections to Defendants' presentation of any such rebuttal experts through rebuttal declarations. If BlackBerry ultimately moves to strike Defendants' rebuttal declarations, the parties are expected to seek an expedited meet and confer and briefing schedule (with reasonably decreased page limits) so that those motions may be considered at the same time as the claim construction hearing.

### VII. Encouraging Further Discussions

The claim construction exchanges up until this point are intended to allow the parties to make best efforts to identify their disputes, narrow their disputes, and pinpoint the exact nature of the disputes that remain. The parties are encouraged to continue this iterative process in the weeks between now and the claim construction hearing. In this spirit, the Court encourages the parties to continue meeting and conferring and will consider these efforts in the face of an argument that a party has improperly proposed a late claim construction position for a disputed claim term.