UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1844-GW(KSx) <br> CV 18-2693-GW(KSx) | Date | March 27, 2019 |
|---|---|---|---|
| Title | *BlackBerry Limited v. Facebook, Inc. et al* <br> *BlackBerry Limited v. Snap Inc.* | | |

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

None Present           None Present

**PROCEEDINGS:**   **IN CHAMBERS - ORDER**


Attached hereto is the Court's Order Regarding Parties' March 26, 2019 Joint Statement Regarding Disputed Claim Terms.

                                                                                                :

                                                    Initials of Preparer    JG

*BlackBerry Limited v. Facebook, Inc. et al*; Case No. 2:18-cv-01844-GW-(KSx) (LEAD CASE)
Order Regarding Parties' March 26, 2019 Joint Statement Regarding Disputed Claim Terms

The Court has reviewed the parties' Joint Statement Regarding Disputed Claim Terms (Docket No. 135) and the other materials previously presented and provided by the parties. The Court appreciates the parties' efforts to narrow the disputed issues. Having reviewed the remaining disputes, further clarification is necessary for four issues:

1. **"messaging correspondent" ('634 Patent, Claims 1 and 7)**

| BlackBerry's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| "distinct sender of an electronic message to the user of the wireless communication device" | "a person from whom messages may be received"<br><br>*Proposed modified construction:* "distinct sender associated with an electronic messaging account" |

For this term, the parties are **ORDERED** to file a Joint Report by 3:00 pm March 28, 2019 summarizing the remaining dispute for this claim term and the parties' competing positions on that dispute. This portion of the Joint Report should only be a page long (half a page summary per side).

2. **"a numeric character representing a count of the plurality of different messaging correspondents for which one or more of the electronic messages have been received and remain unread" ('634 Patent, Claims 1 and 7)**

| BlackBerry's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| Plain and ordinary meaning | Facebook: "a number that enables the user to track the number of correspondents from whom the user has received unread messages"<br><br>Snap: "the number of different messaging correspondents for which one or more of the electronic messages have been received and remain unread" |

At the technology tutorial, Defendants suggested that BlackBerry ultimately intends to rely on this claim phrase as covering all unread messages, not simply the number of

1

correspondents from whom the user has received unread messages.  Tr. at 99:3-22.  This is not supported by BlackBerry's responsive claim construction brief.  *See* Docket No. 125 at 8 ("BlackBerry does not dispute that the patentee distinguished its claimed count from simply counting unread messages during prosecution.").  Further clarification is required regarding the parties' dispute.  Specifically, BlackBerry is permitted half a page in the March 28, 2019 Joint Report to respond to Defendants' characterization of BlackBerry's infringement contention position as relevant to this term.  In one page or less, BlackBerry is also **ORDERED** to explain its argument that "Defendants' constructions seek to *further* narrow the claim and deviate from the plain and ordinary meaning."  Docket No. 125 at 9.  Defendants may respond to BlackBerry's positions in a page or less.

3.  **"reducing mod q" ('961 Patent, Claim 23)**

| BlackBerry's Proposed Construction | Facebook Defendants' Proposed Construction |
|---|---|
| Plain and ordinary meaning | "computing the remainder of dividing a value by q" |

After reviewing the parties' claim construction positions, the Court understood there to be two primary disputes for this claim term: (1) whether Claim 23 actually requires the performance of a reduction mod q operation at all (*see* Docket No. 125 at 12), and (2)  whether the phrase "reducing mod q" requires the performance of an operation that must always output a result with a lower value (Docket No. 121 at 2-3).  At the technology tutorial, however, the parties described their dispute for this term as only relating to point (2) (whether the phrase "reducing mod q" requires the performance of an operation that must always output a result with a lower value).  The parties are **ORDERED** to include a statement in their March 28, 2019 Joint Report indicating whether they have a dispute regarding point (1) and if not, their agreed position on their previous dispute.

4.  **BlackBerry's Motion to Strike**

To the extent the parties have reached an agreement on a briefing schedule and associated page limits for the Motion to Strike BlackBerry filed this Monday, the parties are **ORDERED** to include that information in the form of a joint stipulation and proposed order for the Court's consideration as soon as possible.  If they do not agree, they should state their positions in the March 28, 2019 Joint Report.  The Court will not be able to consider the parties' dispute at the

Claim Construction Hearing unless an opposition is filed by noon on Friday, March 29, 2019 at the latest, but more preferably by close of business Thursday, March 28, 2019.