UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1844-GW(KSx) <br> CV 18-2693-GW(KSx) | Date | April 22, 2019 |
|---|---|---|---|
| Title | *BlackBerry Limited v. Facebook, Inc. et al* <br> *BlackBerry Limited v. Snap Inc.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie E. Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| James R. Asperger <br> Patrick Schmidt | Heidi L. Keefe - Facebook <br> Matthew J. Brigham <br> Dena Chen <br> Yar R. Chaikovsky - Snap, Inc. <br> Chad J. Peterman <br> David Beckwith |

**PROCEEDINGS:**   STATUS CONFERENCE

The Court's Initial Thoughts regarding Joint Report is circulated and attached hereto. Counsel are to file a joint report by May 6, 2019.

Defendants' Motion to Stay Pending *Inter Partes* Review [161], set for hearing on May 16, 2019, is continued to May 20, 2019 at 8:30 a.m.

| | : | 05 |
|---|---|---|
| | Initials of Preparer | JG |

**_BlackBerry Limited v. Facebook, Inc. et al_**, Case No. 2:18-cv-01844-GW-(KSx) (Lead Case)
**_BlackBerry Limited v. Snap Inc._**, Case No. 2:18-cv-02693-GW-(KSx)
Initial Thoughts regarding Joint Report

- In the Joint Report (Docket No. 158), Defendants request that the Court stay the matter pending _inter partes_ review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB"). Defendants note that many IPR petitions have been filed. Defendants have now filed a Motion to Stay (Docket No. 161), which is currently set for May 16. The Court notes, however, that it is this Court's practice to deny motions to stay until after the PTAB has made a decision regarding whether it will actually institute an IPR; and it may also deny the stay even if an IPR has been granted if the issues raised in the IPR would not strongly impact the litigation or if a party has dallied in filing the IPR request.

- Defendants express some concerns about the numerous asserted claims and prior art invalidity grounds currently at issue in these cases. Case narrowing procedures were previously adopted during a status conference. _See_ Docket No. 84. Those procedures require the parties to continue narrowing the asserted claims and prior art grounds in dispute 28 days after the claim construction determination.

- Defendants have filed an Application for an Order for the Issuance of Letters of Request for International Judicial Assistance. _See_ Docket No. 164. The Court would require Plaintiff to respond to that application. However, the Court would note that as to certain countries (_e.g._ China), their responses to such requests often take an inordinate amount of time with little to no assurance that the requests will be acted upon. Therefore, if the Court would grant the application, it would only be with a deadline consistent with the scheduling that the Court would adopt as referenced in the following paragraph.[1]

- Defendants request that dates be specifically incorporated into a case schedule for filing early dispositive motions on issues related to § 101 and § 112. Defendants do not propose a schedule for all dates in this matter up to and including trial, and instead propose that those dates be set after a determination is made on: 1) Defendants' request for a stay; and 2) Defendants' contemplated dispositive motions. The Court prefers to set a trial date now, and finds Plaintiff's proposal reasonable (particularly when no alternative proposal has been submitted by Defendants), except that Plaintiff fails to consider the issue of Defendants' request of letters rogatory. To the extent Defendants seek to file early summary judgment motions, they may do so at any time up to and including the date set for Last Day to File Motions. If Defendants would like their disputes on these issues resolved early, they should raise them as soon as possible, but consistent with the applicable rules.

---

[1] It would be noted that Case No. CV-18-1844 has been pending since March 6, 2018.