# EXHIBIT B

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Facebook, Inc.,
WhatsApp Inc., and Instagram, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT**

| | |
|---|---|
| BLACKBERRY LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FACEBOOK, INC., WHATSAPP INC., and INSTAGRAM, LLC,<br><br>　　　　Defendants,<br><br>SNAP INC.,<br><br>　　　　Defendant. | Case Nos. 2:18-cv-01844 GW(KSx);<br>2:18-cv-0293 GW (KSx)<br><br>**[PROPOSED]**<br>**SUR-REPLY IN SUPPORT OF FACEBOOK DEFENDANTS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,349,120**<br><br>Hearing Date: September 5, 2019<br>Time: 8:30 A.M.<br>Place: Courtroom 9D<br><br>Assigned to the Hon. George H. Wu |

On August 16, 2019, after the Facebook Defendants' opposition to BlackBerry's motion for partial summary judgment was filed (Dkt. 280), and one day after BlackBerry's reply brief (Dkt. 317), the parties took the third-party deposition of Mr. Kalu Kalu, the sole inventor on the '120 patent. The certified transcript was received last Wednesday. The Facebook Defendants respectfully submit this sur-reply because the testimony of Mr. Kalu is relevant to two issues relating to the pending motion on the '120 patent.

**Whether an Expiration Timestamp Qualifies as a "Flag"**

Although BlackBerry was fully aware that the accused Facebook Messenger and WhatsApp products use an expiration timestamp—and not a "flag"—BlackBerry chose not to address this issue in its opening brief. BlackBerry now argues in reply that the Facebook and WhatsApp timestamp is a "flag" because it can be used in some manner to determine whether a conversation has been muted.

But the testimony of Mr. Kalu confirms that a factual dispute exists as to whether such a timestamp qualifies as a "flag" under its ordinary meaning. Mr. Kalu extensively testified about the relationship between a timestamp and a "flag." (Kalu Depo., 90:25-94:5, Chen Ex. A.) He testified that the two are ███████ ███████████████████████████████████████████████████ (*Id.*, 91:5-18.) He explained that ███████████████████████████ ███████████████████████████████████████████████ (*Id.*, 92:23-93:4.) Later in the deposition, BlackBerry's counsel conducted a leading redirect in which counsel repeatedly, but unsuccessfully, attempted to get the witness to walk back his earlier testimony. (*Id.*, 161:25-164:20.) BlackBerry's counsel asked Mr. Kalu, ███ ██████████████████████████████████████████████████ ██████ But the witness responded that the suggestion ████████████ ███████████████████████████████████████████████████ (*Id.*, 162:12-163:17.) BlackBerry pressed on, asking if ████████████ ██████████████████████████████████████████████ but the witness

1 | responded that although possible in theory, ███████████████████████
2 | ███████ (*Id.*, at 163:19-164:20.) ████████████████████████
3 | ███████████████████████████████ (*Id.* at 164:2-20.)

This testimony further confirms the existence of a factual issue as to whether the expiration timestamp used by the accused products is a "flag." BlackBerry misleadingly attempts to reframe Defendants' argument as involving claim construction, but it does not. (Reply at 24-25.) The parties agreed that "flag" should be given its plain and ordinary meaning.[1] The only issue remaining now relating to "flag" is a *factual* question of infringement—the application of the ordinary meaning of "flag" to the accused products. Mr. Kalu's testimony confirms that an issue of fact exists as to whether a timestamp qualifies as a "flag" under that ordinary meaning.

As the Federal Circuit has explained: "Patents are written not for laymen, but for and by persons experienced in the field of the invention. An inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims." *Voice Techs. Grp., Inc. v. VMC Sys., Inc.*, 164 F.3d 605, 615 (Fed. Cir. 1999). In this case, the sole inventor rejected the idea that a timestamp was a flag, and was so puzzled by BlackBerry's suggestions to the contrary that he referred to them as ████████████████████ His testimony was consistent with the understanding of the Facebook declarants (*e.g.*, Nachman

---

[1] BlackBerry told the Court in the Joint Claim Construction Statement, filed months after it had been given access to the source code for the accused products, that a construction of "flag" would have "no apparent impact on validity or infringement of the asserted claims." (Dkt. 110-1, at A1-40.) With respect to this motion, BlackBerry was correct, as its construction ("mark or code indicating a status or condition") would not move the ball on whether the Facebook and WhatsApp timestamp is a flag, and a genuine issue would remain even if its proposal was adopted. Indeed, before labeling BlackBerry's timestamp-flag theory as a ████████████████████ Mr. Kalu provided a definition of "flag" that was ████████████████████. (Kalu Depo., 159:8-20.) Whether the timestamp in the accused produces is a flag is an issue of infringement, not claim construction.

Decl. ¶ 9, Biczo Decl. ¶ 17), and only at odds with BlackBerry's paid expert. A rational jury, based on the evidence in the record, could similarly reject BlackBerry's "weird" and "odd" theory. Summary judgment is thus inappropriate.

**BlackBerry's Reliance on the Provisional Application Figure 11**

BlackBerry's reply makes new arguments based on the provisional application that it did not make in its opening brief. More specifically, BlackBerry contends that Facebook's non-infringement arguments, if accepted, would read out an embodiment shown in Figure 11 of the provisional application—that does not appear in the '120 patent—in which a numerical value "(2)" is shown alongside a message thread **1102** that has been silenced. (Reply at 20.)[2] But BlackBerry's attempt to analogize Facebook's non-infringement arguments to Figure 11 is unsupported. The numeral in Figure 11 is described nowhere in the provisional, and it is not clear whether it has anything to do with *new* messages—BlackBerry describes it as simply "the count of messages in the message thread." (Reply at 20:22-23.) The numerical value, whatever it represents, is not equivalent to the visual new message notifications provided by the accused products. The accused products' visual notifications provide visual cues to catch the user's attention including different colored visual symbols, bolding, advanced placement in the list, etc., that apply only to receipt of new messages.[3] Simply incrementing a non-descript number of messages, e.g., from 1 to 2, does not catch the user's attention the way the accused products do.

---

[2] The fact that Figure 11 from the provisional was not copied into the utility application for the '120 patent strongly suggests that the inventors viewed it as irrelevant to the claimed invention. *See H.W.J. Designs v. Rethceif Enters.*, No. 17-272, 2018 WL 4657221, at *3 (E.D. Cal. Sept. 26, 2018) (noting that patent applicant cannot incorporate-by-reference essential material from a provisional application).

[3] BlackBerry's suggestion that a visual notification only exists if a human being is looking at it is absurd. (Reply at 18:23-27.) BlackBerry's expert ridiculed this argument by likening it to the question of whether a tree falling in a forest makes a sound, and confirmed that a "notification" can exist whether or not a human being is around to perceive it. (Rosenberg Depo., 168:9-23, Keefe Ex. 2, Dkt. 279-4.)

1    Mr. Kalu's testimony is again instructive, and makes BlackBerry's reliance on Figure 11 even more untenable.  BlackBerry questioned Mr. Kalu about Figure 8 in the '120 patent, which shows a similar view of the inbox as Figure 11.  ('120, Fig. 8, **812**.)  When asked about whether a visual asterisk or star shown in the figure next to the "Lisa" thread (at right) appears whether or not the message thread was silenced, Mr. Kalu explained that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Kalu Depo., 143:21-145:10.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*)

    BlackBerry's reliance on the numerical "(2)" in Figure 11 of the provisional has similar problems.  BlackBerry assumes that the "(2)" in Figure 11 cannot be a notification because it is displayed in association with a silenced thread, but as Mr. Kalu's testimony confirms, BlackBerry is reading too much into the figure.  As with the star in Figure 8, it is unclear whether the "(2)" was *already* displayed on the screen with the "Lisa" thread at the time the user decided to silence that thread, a problem exacerbated by the lack of any description of the numeral in the provisional. Mr. Kalu's testimony, as noted, confirms that an already-displayed visual feature may not be removed by simply silencing the thread with which it is associated.

    In the end, BlackBerry's argument about excluding embodiments relies on an insignificant visual feature that is never discussed, explained, or even mentioned in the intrinsic record, and which appears only in a figure of a provisional application that the applicant did not bother to copy into the actual patent.  The fact that BlackBerry must strain so hard to make this argument underscores that Facebook's non-infringement theories are actually consistent with the intrinsic record and do not exclude any embodiments disclosed in the specification.

| | | |
|---|---|---|
| 1 | DATED: August 26, 2019 | COOLEY LLP |
| 2 | | |
| 3 | | By: /s/ *Heidi L. Keefe* <br> Heidi L. Keefe |
| 4 | | |
| 5 | | Attorney for Facebook, Inc., <br> WhatsApp Inc., and Instagram, LLC |