UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1844-GW-KSx<br>CV 18-2693-GW-KSx | Date | September 10, 2019 |
|---|---|---|---|
| Title | *BlackBerry Limited v. Facebook, Inc. et al*<br>*BlackBerry Limited v. Snap Inc.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - RULING ON BLACKBERRY'S OBJECTIONS AND MOTION FOR REVIEW OF NON-DISPOSITIVE ORDER FROM THE MAGISTRATE JUDGE [385]

Attached hereto is the Court's Ruling on Blackberry's Motion [385]. Hearing on this motion is vacated and taken off-calendar.

:

Initials of Preparer   JG

***BlackBerry Limited v. Facebook, Inc. et al***; Case No. 2:18-cv-01844-GW-(KSx)
***BlackBerry Limited v. Snap Inc.***; Case No. 2:18-cv-02693-GW-(KSx)
Ruling on BlackBerry's Motion for Review of Non-dispositive Pretrial Ruling (Docket No. 394; *see also* Docket No. 386 (original version of motion, stricken per Docket No. 389))

BlackBerry has filed objections to and a Motion for Review of one of the nondispositive pretrial rulings of Magistrate Judge the Honorable Karen L. Stevenson. *See* Docket No. 394; *see also* Docket No. 386. As directed by the Court, and because of the approaching deadline to file opening expert reports, *see* Docket No. 233, the matter was briefed such that it could be heard on an expedited basis. Docket No. 389. Snap timely filed its opposition by the shortened deadline. Docket No. 406.

As the Court explained in *Sanofi-Aventis U.S. LLC v. Genentech, Inc.*, No. CV 15-5685-GW (AGRx), 2016 WL 7444675, at *1 (C.D. Cal. Apr. 14, 2016):

> [u]nder Rule 72(a), a magistrate judge's resolution of non-dispositive pretrial matters is entitled to substantial deference. *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991)[.] A district judge may only reconsider the magistrate judge's order upon a showing that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). This standard is deferential and a district judge "may not simply substitute its judgment" for that of the magistrate judge as it would on *de novo* review. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir.1988)). Thus, a magistrate judge's ruling can only be overturned when the Court has "a definite and firm conviction that a mistake has been committed." *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

*Id.* (footnote omitted).

BlackBerry has not shown that such a mistake has been committed here. Instead, the Magistrate Judge provided a reasoned basis for her ruling, including by reference to both the requirements of Rule 26(a)(1)(A) and relevant legal authority. Although BlackBerry refers to the Magistrate Judge's cited cases as "aberrant," it does not address the requirements of Rule 26(a)(1)(A). *See id.* ("without awaiting a discovery request, [a party must] provide to the other parties . . . a computation of each category of damages claimed by the disclosing party."); *see also* Rule 26(a)(1)(E) (a party must make its initial disclosures "based on the information reasonably available to it.").

BlackBerry challenges the Magistrate Judge's cited legal authority as based on "the unsupported premise that the patent plaintiffs in those cases were able to disclose their damages computations and methodologies at an early phase." Docket No. 394 at 9. Of note, the Northern District of California, recognizing the importance of an early and fulsome exchange of damages

information, now specifically mandates through its Patent Local Rules that patent plaintiffs serve damages contentions with "computations of damages within each category" just thirty days after invalidity contentions are served.  *See* N.D. Cal. P.L.R. 3-8.  The Northern District of California Patent Local Rules do not govern this case, but these requirements undercut BlackBerry's assertions about a patent plaintiff's supposed inability to think through its damages claims – particularly for what might shape up to be an expensive and protracted legal battle – in an early and timely manner.  BlackBerry has not shown that the Magistrate Judge's ruling is clearly erroneous, contrary to law, or even in contravention of good practices for patent litigants thinking through the practical value of their case.

For these reasons, the Court **VACATES** the hearing scheduled on this dispute and **DENIES** BlackBerry's motion and objections.

The parties present the following additional disputes in their briefs:

- How the Magistrate Judge's Order should be interpreted, as this is allegedly disputed by the parties;
- Whether BlackBerry has complied with the Magistrate Judge's ruling; and
- What, if any, sanctions are appropriate if BlackBerry did indeed fail to comply with the Magistrate Judge's ruling.

The Court declines to address these disputes, as they are better-suited by consideration and resolution by the Magistrate Judge.  The Court accordingly **ORDERS** the parties, within 24 hours of this Ruling, to contact the Magistrate Judge's Clerk regarding the Magistrate Judge's preferences regarding: (1) how, if at all, the parties should further brief these disputes; and (2) how much time the parties should seek from this Court for an extension of the fact discovery deadline as to this issue (and/or extension of other deadlines in this case) to accommodate the Magistrate Judge's resolution of these disputes.  The parties are expected to subsequently follow up with this Court and the Magistrate Judge accordingly.

At the end of its motion, BlackBerry also includes a section requesting a "stay [of] the Magistrate [Judge's] Order until the Court has resolved its propriety and the sufficiency of BlackBerry's interrogatory responses."  Docket No. 394 at 10.  The Court **DENIES** this request as **MOOT** as it relates to the propriety of the Magistrate Judge's Ruling.  The Court otherwise defers this request to the Magistrate Judge.

In addition to these determinations, he Court deducts three pages from Snap's 50-page motion page limit count for the following three categories of statements in Snap's responses to BlackBerry's objections:

- "BlackBerry knew . . . that assigning value to soon-to-be invalidated patents would weaken its damages case."[1]  *Id.* at 1.  At the time Snap filed its objections, the Court had not issued a final ruling on Defendants' invalidity summary judgment motions, which were taken *under submission* after the September 5, 2019 hearing.  A tentative ruling is

---

[1] As discussed in a later bullet point, Snap's arguments about what BlackBerry "knew" are also independently unnecessary and unhelpful.

not equivalent to a final ruling of the Court, and the implication that some of BlackBerry's patents were indeed invalidated as of the time Snap filed its opposition is incorrect and misleading.

- "Despite its voluminous responses, BlackBerry has assiduously avoided revealing what evidence supports its damages case . . . . In short, Snap has obtained from BlackBerry's responses no more information than could have been found in a damages treatise." *Id.* at 3. "BlackBerry's cases are as deficient as its discovery responses."[2] *Id.* at 5. Whether or not these assertions might actually be verifiably true, this is the type of hyperbolic flair that the Court specifically chastised the parties for in a footnote of the tentative ruling issued at the September 5, 2019 hearing (a portion of the tentative neither related to dispositive issues in the case nor likely to change based on the oral argument advanced at the hearing, where it was not addressed). It is not helpful to the resolution of the parties' dispute, and it is distracting.

- "BlackBerry cites *Ericsson* . . . but failed to read the whole opinion." *Id.* 6. "BlackBerry cites three cases . . . forgetting it failed to provide a court-ordered *estimate* of its damages." *Id.* Snap has no basis to know or assert what BlackBerry did or did not "read" or "forget," and the mocking tone undergirding these statements is again unhelpful and unnecessary.[3]

Although far less objectionable in comparison, for purposes of fairness and to further make the Court's point about attorney hyperbole, the Court also deducts one page from BlackBerry's motion page limit count for its statement that "[w]hile Snap has *heartily endorsed Brandywine* to the extent it forces BlackBerry to discloses its damages information, Snap has *shirked* any responsibility that *Brandywine* would impose on Snap." Docket No. 394 at 9 n.3 (emphasis added).[4]

---

[2] And another, toeing the line: "the Court Order contained a well-reasoned analysis . . . . Missing from BlackBerry's motion is a similarly well-reasoned analysis." Docket No. 406 at 7.

[3] The Court also includes under this bullet point most of Snap's first paragraph under its section titled "BlackBerry made the deliberate tactical decision to disobey the Court Order." Docket No. 406 at 8-9.

[4] And another, toeing the line: referring to the Magistrate Judge's cited legal authority as "aberrant."