UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**\*\*AMENDED\*\***
CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-1844-GW-KSx**<br>CV 18-2693-GW-KSx | Date | October 3, 2019 |
| Title | *BlackBerry Limited v. Facebook, Inc. et al*<br>*BlackBerry Limited v. Snap Inc.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

None Present                                      None Present

**PROCEEDINGS:**   **DEFENDANT FACEBOOK'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SECOND SUPPLEMENTAL INFRINGEMENT CONTENTIONS [376]**

The Court's Final Ruling is attached hereto. The Court DENIES Facebook Defendants' Motion to Strike.

:

Initials of Preparer   JG

<u>**BlackBerry Limited v. Facebook, Inc. et al**</u>; Case No. 2:18-cv-01844-GW-(KSx)
Final Ruling on Facebook Defendants' (Facebook, Inc., WhatsApp, Inc., Instagram, Inc., and Instagram, LLC) Motion to Strike Portions of Plaintiff BlackBerry's Second Supplemental Infringement Contentions (Docket No. 376 (public, not marked pending), <u>Docket No. 375-1 (sealed memorandum attached to application to seal)</u>); Plaintiff's Opposition to Facebook Defendants' Motion (Docket No. 412 (public), <u>Docket No. 429 (sealed)</u>); Facebook Defendants' Reply (Docket No. 447 (public), <u>Docket No. 446-1 (sealed memorandum attached to application to seal)</u>)

[At the hearing, the parties were expected to state their positions regarding whether some or all of the material included in this ruling should be maintained under seal. The tentative ruling explained that "if the parties [said] nothing, the tentative and final ruling will be issued on the public [docket]." The parties having said nothing, this final ruling is issued on the public docket.]

Plaintiff BlackBerry Limited ("BlackBerry") has filed suit against Facebook, Inc., WhatsApp, Inc., and Instagram, LLC (collectively, "Facebook Defendants"). *BlackBerry Limited v. Facebook, Inc. et al*, Case No. 2:18-cv-01844-GW-(KSx) ("*Facebook Case*"), Docket No. 1; *see also* Docket No. 15 (Facebook First Amended Complaint). Facebook Defendants now move to strike portions of BlackBerry's Second Supplemental Infringement Contentions regarding infringement of the '961 Patent. Docket No. 376 (public memorandum; no notice of motion filed); Dkt. 375-1 (sealed memorandum submitted as part of application to seal; no final, sealed version of the document subsequently filed). The motion has been fully briefed. *See* Docket No. 412 (public opposition), Docket No. 429 (sealed opposition), Docket No. 447 (public reply), Docket No. 446-1 (sealed reply memorandum attached to application to seal).

**I.     Relevant Facts**

The First Amended Complaint states:

> Defendant Facebook has infringed and is infringing, either literally or under the doctrine of equivalents, the '961 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale/lease, selling or leasing in the United States, and/or importing into the United States without authority or license, ***products that support*** (i) "private key generation" for ***generating and sharing a public key*** (and <u>***including, but not limited to***</u>, encrypting messages sent to Facebook servers using Transport Layer Security) ***that includes or supports OpenSSL and the OpenSSL elliptic curve cryptography ("EC") library***, <u>***including the Facebook Messenger application***</u>, and related Facebook backend servers and systems (hereinafter "the '961 Accused Products") that infringe at least claims 15 and 23 of the '961Patent.

Docket No. 15 ¶ 118 (emphasis added). Facebook Defendants challenged the FAC in a motion to dismiss, including the Complaint's indirect infringement and willful infringement allegations.

1

Docket No. 31.  Facebook Defendants did not challenge the sufficiency of the Complaint's identification of accused products.

On September 15, 2018, BlackBerry served its Preliminary Infringement Contentions. Docket No. 386-2.  The opening paragraph of BlackBerry's contentions for the '961 Patent states:

> the claim chart below applies to Facebook's ***products and services that generate and share a public key*** (and <u>***including, but not limited to***</u>, encrypting messages sent to Facebook servers using Transport Layer Security) ***that include or support OpenSSL and the OpenSSL elliptic curve cryptography ("EC") library***, <u>***including the Facebook Messenger ("FBM") application***</u> and related Facebook backend servers and systems, and other products and services with the same or substantially similar features (collectively, the "Accused Instrumentalities").

Dkt. 386-2 at 1 (emphasis added).  The Preliminary Infringement Contentions again refer to Facebook Messenger as an "example" at the beginning of the infringement claim chart for the '961 Patent. *See id.* ("Facebook's Accused Instrumentalities perform a method of generating a key k for use in a cryptographic function performed over a group of order q.  For example, the Facebook Messenger application uses a public key derived from the private key . . ."). The Preliminary Contentions otherwise refer to OpenSSL source code for satisfying the claim limitations. *See generally id.*

In September 2018, Facebook Defendants also made their source code available for inspection.  Docket No. 376-2 (email September 6, 2019 counsel for Facebook Defendants to counsel for BlackBerry).  A source code "log" shows that Facebook Defendants' source code was reviewed by counsel and/or a consultant and/or an expert for BlackBerry starting on September 19, 2018 and consistently in the months thereafter up through July 26, 2019, for a total of over 100 separate days of source code review.[1]  BlackBerry states that it was not until June 2019 that its review uncovered other code libraries relevant to its infringement allegations.[2]

---

[1] Facebook Defendants complain that BlackBerry's named expert for the '961 Patent did not review the source code until March 26, 2019.  At the hearing, BlackBerry did not dispute that review of source code with respect to the '961 Patent did not begin until March 2019.  However, BlackBerry explained that with eight other asserted patents at issue in this case, including patents being asserted against accused functionalities that were not so easily reviewable based on information available in the public domain, BlackBerry had to make a strategic choice regarding what portion of the code to review when.

[2] Facebook Defendants argue that because the source code is searchable, BlackBerry could have long ago quickly and easily searched the code to find the accused products it now seeks to add to the case.  Docket No. 423-15 at 5.  At the hearing, Facebook Defendants observed that BlackBerry did indeed discover the newly named

Docket No. 388-2 at 5.

In December 2018, Facebook Defendants served objections and responses to BlackBerry's First Set of Requests for Production. Docket No. 424-2. Facebook Defendants included in their General Objections the following statement:

> Defendants object to BlackBerry's definition of "Accused Products" on the ground that it is overly broad, vague, and fails to meaningfully specify the specific product(s) and/or service(s) that BlackBerry accuses of infringement. Defendants further object to this definition as premature because BlackBerry has not yet provided its Supplemental Infringement Contentions. Defendants are willing to meet and confer to clarify BlackBerry's understanding of the Accused Products when BlackBerry provides its Infringement Supplemental Contentions.

Dkt. 424-2 General Objections ¶ 15.

Request for Production No. 53 sought "[d]ocuments sufficient to show any Facebook product or service that uses OpenSSL for encryption." *Id.* at 36. Facebook Defendants objected by stating,

> Defendants specifically incorporate herein by reference each of their General Responses and General Objections set forth above to the extent applicable to this Request . . . . Defendants further object to this Request as overly broad and unduly burdensome to the extent it seeks documents related to "any Facebook product or service." Defendants further object to this Request as premature because BlackBerry has not yet provided its Supplemental Infringement Contentions. Subject to and without waiving the foregoing objections and General Objections above, ***Defendants have produced and will produce relevant, non-duplicative, noncumulative, non-privileged documents sufficient to show the Facebook products or services <u>identified in</u> the First Amended Complaint or Plaintiff's Supplemental Infringement Contentions that use OpenSSL*** for encryption, that are in their possession, custody, or control, if any, located after a reasonable search within a reasonable time frame.

*Id.* (emphasis added). Although Facebook Defendants opted not to state their objection in simpler terms, apparently by it, they meant that they would only produce documents and things related to the Facebook Messenger Application and would not produce materials related to any other Facebook product or service that uses OpenSSL for encryption. *See* Docket No. 423-15 at 2 (Facebook Defendants' Response Brief to BlackBerry's Opening Brief to the Magistrate Judge

---

accused products through a review of the source code. BlackBerry also did not dispute that the source code was searchable, but explained that given the sheer volume of code, each expert must implement a search strategy, and that strategy, in turn, depends on the information BlackBerry had available to it (including its understanding based on other discovery produced to it by Facebook Defendants).

regarding "inadequacy of discovery relating to [the '961 Patent]").  Not until a July 2019 did Facebook Defendants more clearly state their position during a Rule 30(b)(6) deposition.  Facebook Defendants then reiterated it in an August 2019 interrogatory response that specifically stated, "Facebook will respond to this Interrogatory with respect to Facebook Messenger, the only product properly accused in this case."  *See id.* at 3 (citing Docket No. 387-7 (Facebook Defendants' August 2, 2019 Responses to BlackBerry's July 2019 Fourth Set of Interrogatories)).

BlackBerry served its Second Supplemental Infringement Contentions on July 12, 2019.  Docket No. 375-4.  There appears to be no real dispute that BlackBerry's general infringement theory based on OpenSSL remains the same, but that the Second Supplemental Contentions simply add additional detail to that theory and otherwise list by name additional accused products that use OpenSSL.  The fact discovery cutoff in the case was August 30, 2019.  Docket No. 233.  Almost a full month passed (until less than 28 days before the discovery cutoff remained) before Facebook Defendants sent a letter objecting to the addition of the newly-added products in the Second Supplemental Infringement Contentions.  The parties' dispute made its way to this Court on August 30, 2019.  Docket No. 376.  The deadline for the parties' Final Contentions has not yet passed.

**II.     Analysis**

The Court does not want to encourage vague, open-ended allegations and contentions, and to some extent thus agrees with the district courts that have held such allegations and contentions insufficient.  However, albeit as part of a Request for Production, BlackBerry asked the question it needed to ask Facebook Defendants in conducting discovery (and therefore making preparations to serve more detailed contentions down the line): it requested an identification of documents sufficient to show "any Facebook product or service that uses OpenSSL for encryption."  *See* Docket No. 424-2 at 36.  And contrary to Facebook Defendants' narrow reading of the FAC and Preliminary Infringement Contentions, those documents are clear in stating that they relate to products that use OpenSSL, ***including*** Facebook Messenger.  *See also* Docket No. 463 at 8-9 (Magistrate Judge Order regarding discovery dispute, concluding same).  Facebook Defendants, who would be in the best position to know what products or services they indeed have that use OpenSSL, were not clear in their response that they were

restricting their productions solely to Facebook Messenger documents and materials.[3] Facebook Defendants' one-sided decision to limit their discovery responses, without clearly telling BlackBerry or the Court they were doing so, is equally as problematic, if not more so, compared to BlackBerry's original contentions. Much time, expense, and heartache (if one can presume that patent litigators have hearts) could have been saved with a bit more transparency from both sides here.

The timing of BlackBerry's disclosure of its Second Supplemental Infringement Contentions is also instructive. They were not served on the final day of fact discovery, or even within the last 28 days. The parties still had a full six weeks of fact discovery at the time BlackBerry served its Second Supplemental Contentions to investigate any new issues raised by the addition of new products in those contentions. Facebook Defendants' expressed concerns about prejudice and possible additional discovery after the fact discovery deadline are undercut by its delay of almost four weeks before reaching out to BlackBerry about the Second Supplemental Contentions. Facebook Defendants did not adequately address this issue at the hearing or explain how its complaints about having to conduct late discovery now could be squared with this timeline.

Ultimately, the timeline for when BlackBerry served its Second Supplemental Infringement Contentions, combined with the Court's concerns about Facebook Defendants' discovery conduct, support denial of Facebook Defendants' requested relief.

### III.   Conclusion

The Court **DENIES** Facebook Defendants' Motion to Strike. Docket No. 376.

---

[3] Facebook Defendants state in a brief before the Magistrate Judge that even though they allegedly limited the scope of their written discovery responses to Facebook Messenger, "[t]o be clear, Facebook provided broad discovery beyond Facebook Messenger." Docket No. 423-15 at 5.