1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN
(mweinstein@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:  (650) 843-5000
Facsimile:  (650) 849-7400

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone: (415) 693-2000
Facsimile:  (415) 693-2222

*Attorneys for Defendants*
*FACEBOOK, INC., WHATSAPP INC.,*
*and INSTAGRAM, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

BLACKBERRY LIMITED,

               Plaintiff,

v.

FACEBOOK, INC.,
WHATSAPP INC., and
INSTAGRAM LLC,

               Defendants.

Case No.  2:18-cv-01844 GW(KSx)

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION TO STAY PENDING INSTITUTED *INTER PARTES* REVIEW PROCEEDINGS**

The Hon. George H. Wu

Hearing Date:  January 13, 2020
Time:  8:30 AM
Place:  Courtroom 9D

**REDACTED PUBLIC VERSION**

## I.   INTRODUCTION

It is in the Court's and the parties' best interests to stay this action pending the instituted *inter partes* review (IPR) proceedings.  The PTAB has instituted IPR of all asserted claims of 7 of the 9 patents asserted here ('713, '173, '634, '250, '120, '351, '929 patents).[1]  The patents under review account for ███████████████████ ██████████   The PTAB has already determined that Facebook is likely to prevail in its challenges.  *See* 35 U.S.C. § 314(a).  The grounds are so compelling for the '173 patent that BlackBerry filed a motion to amend the claims.  Proceeding with claims that may be invalidated, or changed entirely, would be a waste of time and resources.

Staying this case also enables the Court to conduct a single trial on remaining issues.  As the Court is aware, a Rule 54(b) judgment on the '351 and '929 was entered based on the Court's § 101 ruling, which BlackBerry has appealed.  Facebook believes the ruling should be affirmed, but if BlackBerry prevails, a second trial would be necessary.  This could be avoided by staying the present action pending IPRs, which are likely to have decisions in the same timeframe as the Federal Circuit's ruling on the appeal.[2]  Even if the Federal Circuit were to reverse, the Court will have the benefit of the IPR decisions, enabling a <u>single</u> trial on whatever claims remain, if any.

## II.   ARGUMENT

### A.   A Stay Pending IPR Would Simplify the Issues.

A stay would simplify the issues, avoid parallel proceedings, and conserve scarce judicial resources.  The PTAB instituted IPR on all asserted claims of the '713, '173, '634, '250, and '120.  These account for ████████████████████ ██[3]  If the claims are invalidated, all Instagram products would drop out, as well as

---

[1]  The Court entered final judgment as to the '351 and '929 patents.  (Dkt. 491.)

[2]  The PTAB generally issues final decisions within 12 months of institution.  *See* 35 U.S.C. § 316(a)(11).  Thus, decisions are expected between Aug. and Nov. 2020.

[3]  Based on the timely-served reports, the five instituted patents account for ████

1  Facebook Pages Manager, Workplace Chat, and others.  The case would be greatly

2  simplified, with only 3 claims of 2 patents (the '236 and '961), which account for ███

3  ████████████████████.  *See, e.g., Pi-Net Int'l v. Focus Business Bank*, No.

4  12-4958, 2013 WL 5513333, at *1 (N.D. Cal. Oct. 3, 2013) (stay where IPR "would

5  significantly limit Plaintiff's damages"); *Parallax Group Int'l v. Greatmats.com*, No.

6  16-927, 2017 WL 3485789, at *2 (C.D. Cal. Mar. 23, 2017).

7  District courts have also recognized the wisdom of staying actions pending IPR

8  challenges "in order to avoid inconsistent results." *Netlist v. Smart Storage Sys.*, No.

9  13-5889, 2015 WL 1738192, at *1 (N.D. Cal. Apr. 9, 2015) (citation omitted).  The

10 possibility of inconsistent rulings here is not a theoretical issue – the two IPR

11 proceedings that have (to date) progressed to advanced stages confirm that this is a

12 real concern.

13 For example, in the '173 IPR, BlackBerry filed motions to amend its claims.[4]

14 (Exs. 3-4.)[5]  The proposed amendment would more than double the length of the

15 independent claims with narrowing limitations not suggested by any of the original

16 claims.  (*Id.*)  If the PTAB were to allow those amendments, they would wipe out the

17 original claim and any trial on that claim would be a nullity.  *See* 35 U.S.C. § 318(c)

18 (citing 35 U.S.C. § 252); *see also BIC Leisure Prods. v. Windsurfing Int'l*, 1 F.3d

19 1214, 1220-21 (Fed. Cir. 1993) (discussing intervening rights).

20 In both the '173 and '120 IPRs (the two IPRs that have so far progressed to

21 advanced stages), BlackBerry is advancing narrow claim constructions inconsistent

22

23 ████████████████████ (Ex. 1).  Without notice or leave of court, BlackBerry
   served a supplemental report purporting to ████████████████
24 Facebook has moved to strike.  (Dkt.  493.)  Even if that untimely report is allowed,
25 the IPR'd patents constitute ███████████████

26 [4]  According to PTAB statistics, at least one claim was found unpatentable in 80% of
   trials—all claims in 63% of trials.  (Ex. 2, at 10.)  Only one or two asserted claims
27 remain here for most of the instituted patents, so that disposition is likely.

28 [5] Unless otherwise noted, all exhibits are to the Declaration of Matthew J. Brigham.

1    with its broad litigation interpretations here.   This inconsistency is troubling

2    considering that the PTAB must apply the same claim construction standard as the

3    Court.  *See* 37 C.F.R. § 42.100(b) (as amended October 11, 2018).  For example,

4    BlackBerry and its expert argued here that the '173 term "tag source" should take its

5    plain and ordinary meaning of "just a source of tags." (Ex. 5, 110:9-19).  But in the

6    IPR, BlackBerry provided ten pages of extensive written arguments advocating that

7    this term requires "separately searchable collections of tags." (Ex. 6, at 20-30).

8        BlackBerry has taken a similar approach with the '120.  The Court construed

9    "notification" as "some form of visual, auditory, or physical cue to draw attention to

10   an incoming message that would not otherwise have been noticed, at the time of the

11   incoming message." (Dkt. 157, at 31.)  In its December 11, 2019 IPR response,

12   BlackBerry spent 10 pages arguing that the Court's construction imposed additional

13   requirements, including that a notification be "something that must draw a user's

14   attention away from something else, i.e., <u>it must distract or otherwise interrupt a user</u>

15   <u>from another activity</u>." (Ex. 7, at 14 (emphasis added).) ████████████████

16   ███████████████████████████████████████████████████████████

17   ███████████████████████████████████████████████████████████

18       Accordingly, even if BlackBerry were to convince the PTAB that its claims are

19   valid, such a ruling would almost certainly rest on claim construction rulings that are

20   not part of the record here, but would have a direct impact on other issues such as non-

21   infringement.  Staying this action will give the Court the benefit of the full IPR record

22   on claim construction, which would allow the Court and the parties to resolve and/or

23   avoid any inconsistent rulings.   Because the validity, scope, and even the very

24   language of BlackBerry's claims remain in flux, the Court should stay this case.  *E.g.*,

25   *SurfCast v. Microsoft*, No. 12-333, 2014 WL 6388489, at *3 (D. Me. Nov. 14, 2014);

26   *TeleSign v. Twilio*, No. 15-3240, 2016 WL 6821111, at *3-4 (C.D. Cal. Mar. 9, 2016).

27       **B.    The Stage of the Case Favors a Stay.**

28       Some of the most costly and time-consuming portions of the case lie ahead.

1   Summary judgment and *Daubert* briefing is due in January and February, and trial

2   begins in April.  (Dkt. 480.)  In many such cases, courts have granted stays.  *See e.g.*,

3   *SPEX Techs. v. Kingston Tech.*, No. 16-1790, 2018 WL 2446801, at *2 (C.D. Cal.

4   May 16, 2018) (stay where "the parties have undertaken discovery and the Court has

5   held a Markman hearing, [but] much remains to be done, including dispositive

6   motions, *Daubert* motions, and, of course, trial."); *Huawei Techs. v. Samsung Elecs.*,

7   No. 16-2787, 2018 WL 2971159, at *3-4 (N.D. Cal. Jun. 13, 2018); *Contour IP*

8   *Holding v. GoPro*, No. 17-4738, 2018 WL 6574188, at *3 (N.D. Cal. Dec. 12, 2018);

9   *FastVDO v. AT&T Mobility*, No. 16-385, 2017 WL 2323003, at *3 (S.D. Cal. Jan. 23,

10  2017); *Ricoh v. Aeroflex*, No. 3-4669, 2006 WL 3708069, at *5-6 (N.D. Cal. Dec. 14,

11  2006).  Because a stay would relieve the Court of multiple dispositive and *Daubert*

12  motions in a 7-patent case involving 3 Defendants, numerous products, and 14 experts,

13  a stay is favored.

14          **C.      Facebook Did Not "Dally" in Seeking IPR.**

15          The Court has said it may deny a stay "if a party has dallied in filing the IPR

16  request" (Dkt. 166, at 2).  That did not occur here.  The nine original patents presented

17  nearly 200 claims.  BlackBerry did not serve its narrowed list of 48 claims until

18  February 7, 2019, less than two months before the IPR filing deadline (April 6, 2019).

19  (Dkt. 93, at 3:4-6.)  Facebook's IPR petitions focused on the asserted claims.  Filing

20  before BlackBerry's narrowing would have required challenging scores of irrelevant

21  claims, thus wasting PTAB resources.  Further, this motion was only brought after all

22  of the IPR institution decisions were issued.  (Exs. 9-19.)

23          The timing of Facebook's IPR filings was also guided by the claim construction

24  process, including the exchange of proposed constructions and culminating in the

25  Court's order of April 5, 2019 (which issued one day before the IPR deadline).  (Dkt.

26  157.)  By allowing the process to unfold, Facebook filed targeted IPR petitions that

27  took into account claim construction rulings and stipulated constructions.

28          The IPR record confirms the importance of having a fully developed claim

1  construction record.  PTAB rules require that the Board take into account a district

2  court claim construction order, 37 C.F.R. § 42.100(b), and several of the PTAB

3  decisions expressly discuss the Court's rulings.  (*See* Ex. 11, at 7-9 (IPR2019-00706,

4  '120); Ex. 16, at 7-9 (IPR2019-00925, '634); Ex. 13, at 9-11 (IPR2019-00899, '713);

5  Ex. 18, at 10-12 (IPR2019-00941, '351); Ex. 17, at 9-11 (IPR2019-00940, '929).)

6  **D.  BlackBerry Would Suffer No Undue Prejudice From a Stay.**

7  This is a case about money – not about competitors fighting over market share.

8  BlackBerry did not even file suit until March 2018, even though most of the accused

9  products existed years before the Complaint was filed.  BlackBerry cannot identify

10  any prejudice or tactical disadvantage from a stay.  *E.g.*, *XR Commc'ns v. D-Link Sys.*,

11  No. 17-596, 2018 WL 2734849, at *4 (C.D. Cal. Apr. 10, 2018); *Lund Motion Prods.*

12  *v. T-Max Hangzhou Tech.*, No. 17-1914, 2019 WL 116784, at *2 (C.D. Cal. Jan. 2,

13  2019).  In contrast, staying this case until the IPRs are resolved will save the Court

14  and the parties significant time and resources.

15  **E.  The '236 and '961 Patents Do Not Justify Forging Ahead.**

16  Courts have granted stays even when not all asserted claims are subject to IPR.

17  *See, e.g., Polaris Innovations v. Kingston Tech. Co.*, No. 16-300, 2017 WL 8220599,

18  at *1-2 (C.D. Cal. June 27, 2017) (stay with IPR on 29 of 36 asserted claims); *Finjan*

19  *v. Palo Alto Networks*, No. 14-4908, 2016 U.S. Dist. LEXIS 69363, at *2 (N.D. Cal.

20  May 26, 2016); *Lund Motion Prods.*, 2019 WL 116784, at *1.

21  The two patents ('236, '961) where the PTAB declined to institute IPR do not

22  justify forging ahead.  BlackBerry asserts the '236 against one defendant (WhatsApp)

23  and accuses a feature used by ████████ of daily active users.  For the '961 patent,

24  BlackBerry accuses an open source standard, and Facebook has made a non-infringing

25  redesign.  In the event that the Court is not inclined to stay the entire case, Defendants

26  ask the Court to stay as to the '713, '173, '634, '250, and '120 patents.

27  **III.  CONCLUSION**

28  For the reasons above, the Court should stay this case pending IPR.

1    Dated:        December 16, 2019          Respectfully Submitted,

2
                                             COOLEY LLP
3

4
                                             /s/ Heidi Keefe
5                                            Heidi L. Keefe (178960)

6
                                             HEIDI L. KEEFE (178960)
7                                            (HKEEFE@COOLEY.COM)
                                             MARK R. WEINSTEIN (193043)
8                                            (MWEINSTEIN@COOLEY.COM)
                                             MATTHEW J. BRIGHAM (191428)
9                                            (MBRIGHAM@COOLEY.COM)
                                             LOWELL D. MEAD (223989)
10                                           (LMEAD@COOLEY.COM)
                                             3175 Hanover Street
11                                           Palo Alto, CA  94304-1130
12                                           Telephone: (650) 843-5000
                                             Facsimile:  (650) 849-7400
13

14
                                             MICHAEL G. RHODES (116127)
15                                           (RHODESMG@COOLEY.COM)
                                             101 California Street
16                                           5th Floor
17                                           San Francisco, CA  94111-5800
                                             Telephone: (415) 693-2000
18                                           Facsimile:  (415) 693-2222

19
                                             Attorneys for Defendants
20                                           FACEBOOK, INC., WHATSAPP, INC.,
21                                           and INSTAGRAM LLC

22

23

24

25

26

27

28