**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2  James R. Asperger (Bar No. 83188)
   jamesasperger@quinnemanuel.com
3  865 S. Figueroa St., 10th Floor
   Los Angeles, CA 90017
4  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
5
6  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
10 BLACKBERRY CORPORATION
   Edward R. McGah, Jr (SBN 97719)
11 Vice President, Deputy General Counsel – Litigation
   41 Ticknor Place
12 Laguna Niguel, California 92677
   Telephone: (+1) 650-581-4750
13
14 Attorneys for Plaintiff, BlackBerry Limited

15              IN THE UNITED STATES DISTRICT COURT

16           FOR THE CENTRAL DISTRICT OF CALIFORNIA

17

18  BLACKBERRY LIMITED, a            Case No. 2:18-cv-01844-GW-KS
    Canadian corporation,

19                                   **BLACKBERRY LIMITED'S**
20                Plaintiff,         **MOTION FOR PARTIAL**
                                     **SUMMARY JUDGMENT OF NO**
           v.                        **INVALIDITY REGARDING U.S.**
21                                   **PATENT NOS. 9,349,120 AND**
22  FACEBOOK, INC., a Delaware       **8,677,250**
    corporation, WHATSAPP INC., a
23  Delaware corporation, and        Hearing Date: February 20, 2020
    INSTAGRAM, LLC, a Delaware       Time: 8:30 A.M.
24  limited liability company,       Judge: Hon. George H. Wu
                                     Ctrm: 9D
25                Defendants,

26                                   **REDACTED      VERSION     OF**
27                                   **DOCUMENT    PROPOSED   TO  BE**
                                     **FILED UNDER SEAL**
28

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on February 20, 2020, at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable George H. Wu, Plaintiff BlackBerry Limited ("BlackBerry") shall and hereby does move the Court for an order granting BlackBerry summary judgment finding that the '120 and '250 Patents are not invalid over certain references.  Pursuant to Federal Rule of Civil Procedure 56, BlackBerry asks the Court to grant partial summary judgment of no invalidity on the basis that:

1. Defendants have failed to prove by clear and convincing evidence that the Nintendo DS (with PictoChat) system reference qualifies as prior art to the '250 Patent.

2. Defendants have failed to prove by clear and convincing evidence that the Mozilla Thunderbird system reference qualifies as prior art to the '120 Patent.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 31, 2019.  This motion is based on this notice of motion and supporting memorandum of points and authorities, the supporting declaration of Richard Lowry, exhibits thereto, and other such written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED
UNDER SEAL

1   DATED:  January 8, 2020                    Respectfully submitted,

2                                              QUINN    EMANUEL    URQUHART    &

3                                              SULLIVAN, LLP

4                                      By        /s/ James R. Asperger

5                                              QUINN    EMANUEL    URQUHART    &
                                               SULLIVAN, LLP
6                                                  James R. Asperger (Bar No. 83188)
7                                                  jamesasperger@quinnemanuel.com
                                                   865 S. Figueroa St., 10th Floor
8                                                  Los Angeles, CA 90017
9                                                  Telephone: (213) 443-3000
                                                   Facsimile: (213) 443-3100
10

11                                                 Kevin P.B. Johnson (Bar No. 177129)
                                                   kevinjohnson@quinnemanuel.com
12                                                 Victoria F. Maroulis (Bar No. 202603)
13                                                 victoriamaroulis@quinnemanuel.com
                                                   555 Twin Dolphin Drive, 5th Floor
14                                                 Redwood Shores, CA 94065
15                                                 Telephone: (650) 801-5000
                                                   Facsimile: (650) 801-5100
16

17                                             BLACKBERRY CORPORATION
                                                   Edward R. McGah, Jr (SBN 97719)
18                                                 Vice President, Deputy General Counsel
19                                                 41 Ticknor Place
                                                   Laguna Niguel, California 92677
20                                                 Telephone: (+1) 650-581-4750
21
                                               *Attorneys for BlackBerry Limited*
22

23

24

25

26

27

28

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

## MEMORANDUM OF POINTS & AUTHORITIES

The Court should grant summary judgment that the '120 and '250 Patents are not invalid because Defendants cannot establish the prior art status of their asserted system references.  For the '120 Patent, Defendants have no admissible evidence that the Mozilla Thunderbird Version 2.0.0.12 ("Thunderbird") system as relied on by Defendants' expert, Dr. Balakrishnan, was created, publicly available, subject to public use, or on sale before the priority date of the '120 Patent.  Similarly, for the '250 Patent, Defendants have no admissible evidence that the Nintendo DS system (with PictoChat) ("Nintendo") as relied on by Defendants' expert, Dr. Weissman, was created, publicly available, subject to public use, or on sale before the priority date of the '250 Patent.  These evidentiary predicates, establishing the prior art status of system references, are an essential part of an invalidity defense.  Summary judgment is therefore appropriate.

## LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1377 (Fed. Cir. 2007).  Judgment as a matter of law is appropriate when "'the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1292 (Fed. Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  Although the movant bears the initial burden of proof, once that burden is met, summary judgment cannot be avoided simply by alleging "the mere existence of *some* alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (emphasis in original).

Where, as here, a defendant asserts a system or device as prior art, the defendant must establish that, before the priority date of the challenged patent, such

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

1   system was "known or used," 35 U.S.C. § 102(a); subject to "public use" or "on

2   sale," *id.* § 102(b); or invented by another in the United States, § 102(g).  *See also*

3   *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1570 (Fed. Cir. 1997) ("If a device

4   was 'known or used by others' in this country before the date of invention or if it

5   was 'in public use' in this country more than one year before the date of application,

6   it qualifies as prior art.").  For any purported invalidity reference, it is a defendant's

7   burden to prove, by clear and convincing evidence, that the reference meet the

8   statutory requirements and is, in fact, "prior art."  *See Clock Spring, L.P. v.*

9   *Wrapmaster, Inc.*, 560 F.3d 1317, 1325 (Fed. Cir. 2009); *Adenta GmbH v.*

10   *OrthoArm, Inc.*, 501 F.3d 1364, 1371 (Fed. Cir. 2007) (all facts supporting a finding

11   of invalidity must be proven by clear and convincing evidence).

12         For system art, the defendant must demonstrate that the system itself, *as it*

13   *existed before the patent priority date*, met each and every limitation of the asserted

14   patent claims.  *See Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 737 (Fed.

15   Cir. 2002) ("[T]he party with the burden of proof must show that the subject of the

16   barring activity met each of the limitations of the claim, and thus was an

17   embodiment of the claimed invention."); *Navico Inc. v. Garmin Inter., Inc.*, Case

18   No., 2:16-CV-00190-JRG-RSP, 2017 WL 3750252, at *2 (E.D. Tex. July 28, 2017).

19                                 **ARGUMENT**

20         Defendants served their Final Election of Prior Art on June 14, 2019.  Ex. 1,

21   Statement of Undisputed Facts ("SUF") 5-7.  Amongst Defendants elected

22   references were the Thunderbird system (against the '120 Patent) and the Nintendo

23   system (against the '250 Patent).  *Id*.  Defendants' Final Invalidity Contentions

24   assert Thunderbird and Nintendo as *system* prior art under 35 U.S.C. §§ 102(a), (b),

25   (g).  ███████████████  Ex. 3; Ex. 4, SUF 8-14.  In other words, while

26   Defendants' invalidity theories sometimes rely upon documents, these documents

27   are used merely to reflect the operation of the prior art *system*.  Defendants do *not*

28

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

1  rely upon the documents *themselves* as prior art references.  To do so, Defendants

2  would have had to have elected the documents as separate and distinct references.

3      **A.**    **Defendants Cannot Meet Their Burden To Show That The Thunderbird Reference Is Prior Art**

4  ████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████ "Open

6  source," by definition, means that the software is available for users to download

7  and modify over time.  On November 15, 2018, Defendants produced a file

8  purporting to be the full source code directory for Thunderbird (DEFBB00036811,

9  "thunderbird-2.0.0.12-source.tar.bz2").  *See* Lowry Declaration at ¶24, SUF 16.  At

10  this time, however, Defendants provided no evidence as to when these specific

11  source code files were last modified and/or where first publically available.

12      In an effort to shore up their invalidity evidence, Defendants served an

13  October 29, 2018 subpoena on third-party Mozilla Corporation.  Ex. 5, SUF 17.  On

14  April 4, 2019, Defendants produced documents received in response to the

15  subpoena.  SUF 18.  These documents include an affidavit by Dan Mosedale, who

16  purports to be a software engineer for Mozilla.  Ex. 6, SUF 19.  The affidavit states

17  that version 2.0.0.12 of Thunderbird was "released for general public download on

18  February 26, 2008."  *Id.* at ¶ 4, SUF 22.  Enclosed with the affidavit were purported

19  copies of the source code for version 2.0.0.12 of Thunderbird (MOZ_0000009) and

20  a corresponding .exe executable file for the program (MOZ_0000010), which

21  Mosedale explains he downloaded from the following URLs, respectively:

22  - https://archive.mozilla.org/pub/thunderbird/releases/2.0.0.12/source/thunderbird-2.0.0.12-source.tar.bz2

23  - https://archive.mozilla.org/pub/thunderbird/releases/2.0.0.12/win32/en-US/Thunderbird%20Setup%2020.0.0.12.exe

26  Ex. 6 at ¶ 5, SUF 20-22.  Defendants and their expert rely upon an analysis of the

27  source code and the operation of the executable file attached to the Mosedale

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

1  Affidavit.  Ex. 7 at ¶¶ 251-253, SUF 23.  But, Defendants and Dr. Balakrishnan fail
2  to establish the prior art status of this relied-upon version of Thunderbird.

3      ***First***, the Mosedale Affidavit itself is insufficient.  Although the Affidavit
4  states that version 2.0.0.12 was available for public download on February 26, 2008,
5  Mr. Mosedale makes no effort to establish that this February 26, 2008 version is the
6  *same* version attached to the Affidavit.  Indeed, the Affidavit only explains that Mr.
7  Mosedale downloaded the operative software and corresponding source code from
8  the *presently* available links for those files.[1]  SUF 22 at ¶ 5.  The Mosedale Affidavit
9  does not attest that no changes or modifications have been made to these files in the
10  intervening time period, nor does it explain whether the relied-on code or executable
11  for Thunderbird were maintained so as to prevent any changes over time.

12      To the contrary, the evidence indicates that these files have, in fact, been
13  modified since the priority date of the '120 Patent.  Specifically, the parent directory
14  URLs for the files downloaded and produced by Mr. Mosedale state that these files
15  were "Last Modified" on October 16, 2015, as shown in the printed webpages
16  attached as Exhibits 8 and 9, SUF 24, 25.  Accordingly, the Mosedale Affidavit fails
17  to provide a clear and convincing link between the evaluated Thunderbird system
18  and the system in existence prior to the '120 Patent.  *Navico,* 2017 WL 3750252 at
19  *4-5 (granting summary judgment of no invalidity where there was no adequate link
20  between the cited system and the system as it existed before the patent priority date).

21      ***Second***, even if the Mosedale Affidavit had established that the evaluated
22  Thunderbird system was in existence prior to the '120 Patent (and, it clearly does
23  not), the Affidavit is itself inadmissible at trial, at least because it is hearsay.  F.R.E.
24  801.  Moreover, the Court should preclude Defendants from calling Mr. Mosedale

---

26      [1] It is not even clear that there is a correspondence between the Thunderbird
27  executable file and the source code files analyzed by Dr. Balakrishnan.  The
   Mosedale Affidavit merely states that Mr. Mosedale had "no reason to doubt" that
28  the executable "incorporates the functionality" of the source code.  Ex. 6 at ¶ 8.

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

1  as a trial witness. ███████████████████████████████████

2  ████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████

4  ████████████████████████████████  This untimely disclosure prevented BlackBerry

5  from seeking its own discovery from Mr. Mosedale or deposing him in order to

6  identify his potential testimony at trial.  Due to Defendants' failure to timely identify

7  Mr. Mosedale as a potential witness, they should not be allowed to rely on his

8  testimony at trial.  *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 214-215 (N.D. Ill.

9  2013) (excluding the testimony of a witness who was first disclosed two days before

10  the close of fact discovery); *see also Wallace v. U.S.A.A. Life Gen. Agency, Inc.*, 862

11  F. Supp. 2d 1062, 1066-67 (D. Nev. 2012).

12  **_Third,_** in one last effort to support the alleged prior art status of the

13  Thunderbird system, Dr. Balakrishnan attempts to rely on various archived

14  webpages from the Internet Archive's Wayback Machine.  Ex. 7 at ¶ 255.  Dr.

15  Balakrishnan also provides as an exhibit a previously-unproduced affidavit from an

16  employee of the internet archive Christopher Butler.[2]  Ex. 11, SUF 32.  Dr.

17  Balakrishnan opines that the webpages purport to describe Thunderbird and its

18  release.  Ex. 7 at ¶ 255, SUF 29.  However, these archived pages do not cure

19  Defendants' evidentiary gaps.  For starters, this evidence suffers from the same

20  shortcoming as the Mosedale Affidavit in that it fails to show that any Thunderbird

21  software described in any of the pages is the *same* as that software produced relied

22  on by Dr. Balakrishnan for his invalidity analysis.  For example, Dr. Balakrishnan

23  describes a "web page with links to download Thunderbird version 2.0.0.12."  Ex. 7

24  at ¶ 255, SUF 29.  However, the purported links to download Thunderbird or its

---

27  [2]  The Butler Affidavit itself, as well as the archival dates of the documents
28  attached thereto and the alleged disclosures therein constitute inadmissible hearsay
for which no exception exists.  F.R.E. 801.

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

source code in the archived web pages identified by Dr. Balakrishnan are either inoperable or link to files archived in 2015 after the '120 Patent's priority date (SUF 30-31), and Dr. Balakrishnan cannot show what software, if any, was associated with such links prior to the priority date.  And even if Thunderbird could be downloaded from these links on the date that the page was archived, Dr. Balakrishnan has not attempted to show that such software is the same, with no changes or modifications, as the evaluated Thunderbird software.

Accordingly, Defendants fail to demonstrate the necessary link between the Thunderbird system analyzed for invalidity purposes and any Thunderbird system that was publicly known or used prior to the '120 Patent priority date.  BlackBerry is entitled to summary judgment that the '120 Patent is not invalid over Thunderbird.

**B.    Defendants Cannot Meet Their Burden To Show That The Nintendo DS (with PictoChat) System Is Prior Art**

Similarly, Defendants cannot meet their burden that the Nintendo system (with PictoChat) qualifies as prior art to the '250 Patent.  To BlackBerry's knowledge, Defendants never sought any form of discovery from Nintendo at any point in this case.  Rather, Defendants' technical expert, Dr. Weissman, testified that the version of the Nintendo system used in his invalidity analysis was simply purchased on Amazon after this case was filed.  Ex. 12 at 123:12-20, SUF 33.[3]  Dr. Weissman confirmed that he had no first-hand knowledge as to when the Nintendo system first became public or available for sale.  *Id.* at 128:15-23, SUF 34.  And, Dr. Weissman confirmed that he was rendering no expert opinion as to whether the Nintendo system did, in fact, qualify as prior art.  *Id.* at 127:16-128:13, SUF 35.

Defendants attempt to establish the prior art status of the Nintendo system through various documents cited at paragraph 154 of Dr. Weissman's invalidity

---

[3]   The Nintendo device analyzed by Dr. Weissman was different than the device that Defendants' attorneys used to create the video exhibits to Dr. Weissman's report.  Ex. 12 at 123:21-125:1, SUF 33.

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

report. Ex. 13, SUF 37. None of these documents, however, satisfy Defendants' clear-and-convincing evidence burden. As an initial matter, Dr. Weissman does not explain how any of the cited documents support the prior art status of the specific model, version, and configuration of the Nintendo DS system that he relied upon for his analysis. At most, the documents (many of which appear to be unauthenticated third-party publications) contain vague references about *some* version of the Nintendo DS system that may have been available at various points in time.

Dr. Weissman does not rely on any disclosures in these documents as part of his element-by-element invalidity analysis. *Compare* Ex. 21 at 31-35 *with* Ex. 13 at ¶ 154. Nor does he explain how any of these documents verify the existence of any of the claimed features as of the '250 priority date. Under these circumstances, Defendants have failed to establish the prior art status of the evaluated Nintendo system. As the *Navico* court held in granting summary judgment of no invalidity:

> It's [defendant's] burden—not [plaintiff's]—to show there aren't any relevant differences between the system described by the MS 1000 Manual and the system sold in 2002. More precisely, its [defendant's] burden to show the 2002 system includes the limitations of the asserted claims. Here, the only document *potentially* describing the 2002 system is the 2007 Operator Manual, but the only connection between the two is use of "MS 1000" designation. The court finds that isn't enough of a connection to infer the 2007 Manual is applicable to the 2002 system.

2017 WL 3750202 at *4-5. This reasoning applies squarely in this case. Indeed, the evidence here is even more deficient than what the court found lacking in *Navico*. In *Navico*, the defendant had specific sales records for the model of the allegedly anticipating system. Here, by contrast, Defendants largely rely upon unauthenticated, third-party documents and therefore have no direct evidence of any actual sale, use, or public availability within the United States.

Defendants do offer expert testimony from their librarian expert that purports to date four of the documents (*e.g.*, *gamedeveloper* publications, and *Smart Computing* publication). But, this testimony, at best, raises a genuine issue as to

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

whether the *publications* were in existence as of the purported dates.  *E.g.*, Ex. 14 at ¶¶ 74, 81, 88, and 95, SUF 48-51.  They say nothing about whether the specific system and configuration relied upon by Dr. Weissman was in existence and available as of this time.[4]  For example, the articles supported by Dr. Hall-Ellis merely describe of the launch of a "DS" and types of portable game genres.  *E.g.*, Ex. 16 at 7; Ex. 17 at 6; Ex. 18 at 18; Ex. 19 at 5, SUF 44-47.  These documents provide no details as to which hardware, software version, or model number were being referenced, let alone whether the described Nintendo DS system included PictoChat.  This is the type of evidence the court in *Navico* found insufficient.

Finally, Defendants remaining documents, including the Nintendo DS and PictoChat instruction manuals, were purportedly taken from the Internet Archive's Wayback Machine.  Ex. 13 at ¶ 157.[5]  Even assuming, however, that these documents were in existence as of their archival dates, Dr. Weissman fails to cite anything from these documents to connect them to the specific system and configuration that he analyzed for his invalidity analysis.  In fact, the date on the cited instruction manual for the PictoChat software (5/8/2006) post-dates the date on the cited instruction manual for the Nintendo DS system (1/19/2005) by over a year, which suggests that the configuration of the Nintendo system may have been in flux immediately prior to the '250 Patent priority date.  Ex. 20 at 5, 21, SUF 42-43.

## CONCLUSION

The Court should thus grant summary judgment that the '120 Patent is not invalid over Thunderbird, and the '250 Patent is not invalid over Nintendo.

---

[4]  Dr. Hall-Ellis, herself, provides no opinion as to when Nintendo DS became publicly available.  Ex. 15 at 87:11-16, SUF 52 ("Q.· Your opinion only relates to the dates associated with these publications, not actually the functionality in the underlying product; right? ·A.··I have no idea what these products are, nor do I care.").

[5] Again, the Butler Declaration (Ex. 20) and the archival dates on the underlying documents are hearsay. F.R.E. 801.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

DATED: January 8, 2020

Respectfully submitted,

QUINN   EMANUEL   URQUHART   &
SULLIVAN, LLP

By      /s/ James R. Asperger
QUINN   EMANUEL   URQUHART   &
SULLIVAN, LLP
   James R. Asperger (Bar No. 83188)
   jamesasperger@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
   Los Angeles, CA 90017
   Telephone: (213) 443-3000
   Facsimile: (213) 443-3100

   Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
   Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

BLACKBERRY CORPORATION
   Edward R. McGah, Jr (SBN 97719)
   Vice President, Deputy General Counsel
   41 Ticknor Place
   Laguna Niguel, California 92677
   Telephone: (+1) 650-581-4750

*Attorneys for BlackBerry Limited*