COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN
(mweinstein@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:  (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone: (415) 693-2000
Facsimile:  (415) 693-2222

*Attorneys for Defendants*
*FACEBOOK, INC., WHATSAPP INC.,*
*and INSTAGRAM, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

BLACKBERRY LIMITED,

                        Plaintiff,

v.

FACEBOOK, INC.,
WHATSAPP INC., and
INSTAGRAM LLC,

                        Defendants.

Case No.  2:18-cv-01844 GW(KSx)

**DEFENDANTS' REPLY
IN SUPPORT OF RENEWED
MOTION TO STAY PENDING
INSTITUTED *INTER PARTES* REVIEW
PROCEEDINGS**

The Hon. George H. Wu

Hearing Date:  January 30, 2020
Time: 8:30 AM
Place:  Courtroom 9D

1    This case should be stayed pending resolution of the instituted IPRs.

2    ***Simplification of Issues.***   BlackBerry does not seriously dispute the high

3    likelihood that the pending IPRs will greatly simplify the issues and trial.  BlackBerry

4    contends that trial on the '236 and '961 patents is "inevitable" (Resp. at 3), but

5    Defendants filed compelling summary judgment motions against both of those

6    patents. (Dkt. 540.)  It is therefore possible that absent a stay, this case will go to trial

7    only on the patents subject to IPR.  BlackBerry also does not dispute that the '236 and

8    '961 patents represent only a small fraction of this case.

9    The PTAB statistics BlackBerry cites do not support the assertion that its claims

10   are "highly likely" to survive IPR.  (Resp. at 3.)  For most of the patents, only one or

11   two claims of those challenged in IPR remain asserted.  The likelihood of the PTO

12   cancelling all of the *asserted* claims is high.  Even if some claims survive, this case

13   would be narrowed substantially – and inconsistent positions taken by BlackBerry as

14   to claim scope in attempting to survive IPR could be addressed by this Court or a jury.

15   BlackBerry wrongly asserts that its inconsistent claim construction positions in

16   IPR are irrelevant; to the contrary, they may require a do-over of claim construction.

17   "To the extent that the file history changed as a result of [PTO proceedings] and there

18   is an actual dispute between the parties, the Court must reconsider claim

19   construction."  *MLC Intellectual Property, LLC v. Micron Tech., Inc.*, No. 14-cv-

20   03657-SI, 2018 WL 4616255, at *6 (N.D. Cal. Sept. 26, 2018) (revisiting claim

21   construction following PTO reexam proceedings and construing new terms and

22   revising previous constructions).  BlackBerry has already taken inconsistent positions

23   in IPRs in which it has filed its written responses, and BlackBerry will likely do the

24   same with respect to other patents when those responses are due.

25   Courts also routinely reject BlackBerry's generalized argument that "evidence,

26   witnesses, and attorney familiarity [will] grow stale."  *E.g.*, *VirtualAgility Inc. v.*

27   *Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) ("[W]ith age and the

28   passage of time, memories may fade and witnesses may become unavailable.  Without

more, however, these assertions here are not sufficient to justify a conclusion of undue prejudice."); *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-CV-00361-PJH, 2018 WL 2387855, at *3 (N.D. Cal. May 25, 2018) (rejecting generalized argument).

Lastly, BlackBerry has no answer to the fact that a stay can avoid multiple trials in the event its appeal of the '351 and '929 patents results in a remand to this Court.

***Stage of Litigation.*** This is a large case with much remaining to be done, including the parties' numerous summary judgment and *Daubert* motions – BlackBerry itself filed *seven*. Pretrial work, such as motions *in limine*, evidentiary objections, jury instructions, and trial itself, remain ahead. Moreover, "the time of the motion is the relevant time to measure the stage of litigation." *VirtualAgility*, 759 F.3d at 1317. Defendants brought their initial motion to stay in April 2019 (Dkt. 161), before any depositions were taken. Defendants only withdrew that motion because of the Court's guidance that it was disinclined to grant a stay before IPR institution decisions. Defendants nevertheless renewed the motion before the close of expert discovery and before filing of summary judgment and *Daubert* motions.

BlackBerry's argument that the stage of this case weighs "strongly" against a stay is not supported by its cited cases, which are distinguishable. *Carl Zeiss* involved a motion to stay pending IPR against only two of five asserted patents, and the court had already ruled on all motions for summary judgment – only jury instructions, trial briefs and trial remained. *Carl Zeiss A.G. v. Nikon Corp.*, No. 17-7083, 2018 WL 5081479, at *1, *3 (C.D. Cal. Oct. 16, 2018) *Asetek* involved a partial stay as to only one of two patents that shared "significant … overlap" with each other. *Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*, No. 13-457, 2014 WL 1350813, at *1, *4 (N.D. Cal. Apr. 3, 2014). The court's decision "hinge[d] primarily on the extent of the overlap between the patents." *Id.* at *3. But here, the remaining patents do not overlap and have different specifications. *Space Data* involved numerous other allegations in addition to patent infringement, including trade secret misappropriation and breach of contract. *Space Data Corp. v. Alphabet Inc.*, No. 16-3260, 2019 WL

1131420, at *1 (N.D. Cal. Mar. 12, 2019).  And neither *Verinata* nor *Siemens* found that the stage of litigation weighed "strongly" against a stay.

      ***Undue Prejudice.***  "The 'delay inherent in the reexamination process does not constitute, by itself, undue prejudice.'"  *Uniloc*, 2018 WL 2387855, at *3.  BlackBerry did not seek a preliminary injunction, and the asserted patents issued years before BlackBerry sued.  *E.g.*, *VirtualAgility*, 759 F.3d at 1319 (failure to seek preliminary injunction and delay in filing weighed against undue prejudice).  Nor was there any gamesmanship in the filing of the IPRs; as explained, Defendants diligently prepared their IPR petitions, which was a massive effort given the size of this case.  It was also entirely appropriate to take advantage of crystalized positions on asserted claims and claim construction to file stronger IPR petitions.  *See Uniloc*, 2018 WL 2387855, at *3 ("Providing an accused infringer is diligent, delay due to preparing an IPR petition, ascertaining the plaintiffs' theories of infringement, or otherwise researching the patents, does not unduly prejudice the patent holder.").

1    Dated:        January 16, 2020          Respectfully Submitted,

2                                            COOLEY LLP
3

4
                                             */s/ Heidi Keefe*
5                                            Heidi L. Keefe (178960)

6
                                             HEIDI L. KEEFE (178960)
7                                            (HKEEFE@COOLEY.COM)
8                                            MARK R. WEINSTEIN (193043)
                                             (MWEINSTEIN@COOLEY.COM)
9                                            MATTHEW J. BRIGHAM (191428)
10                                           (MBRIGHAM@COOLEY.COM)
                                             3175 Hanover Street
11                                           Palo Alto, CA  94304-1130
12                                           Telephone: (650) 843-5000
                                             Facsimile:  (650) 849-7400
13
                                             MICHAEL G. RHODES (116127)
14                                           (RHODESMG@COOLEY.COM)
15                                           101 California Street
16                                           5th Floor
                                             San Francisco, CA  94111-5800
17                                           Telephone: (415) 693-2000
18                                           Facsimile:  (415) 693-2222

19                                           Attorneys for Defendants
20                                           FACEBOOK, INC., WHATSAPP, INC.,
                                             and INSTAGRAM LLC
21

22

23

24

25

26

27

28