# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1844-GW-KSx | Date | February 13, 2020 |
|---|---|---|---|
| Title | *BlackBerry Limited v. Facebook, Inc., et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| James R. Asperger<br>Patrick Schmidt | Heide L. Keefe |

**PROCEEDINGS:** **DEFENDANTS' RENEWED MOTION TO STAY PENDING INSTITUTED INTER PARTES REVIEW PROCEEDINGS [501]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would GRANT-IN-PART the motion to stay as to the remaining asserted patents that are now subject to instituted IPRs (recognizing that the validity of two of those asserted patents is already being considered on different bases on appeal). The Court would DEFER-IN-PART the motion to stay as to the '236 and '961 Patents until after resolution of certain pending summary judgment and *Daubert* motions related to those patents that are relevant to the question of infringement and/or invalidity of those patents.

The Court CONTINUES the hearing on all other pending motions in this case from February 20, 2020 to February 27, 2020 at 8:30 a.m. It will decide whether resolution of the motions is necessary at that time, or some or all of them should be denied without prejudice to their renewal after the pendency of a stay.

| | : | 06 |
|---|---|---|
| | Initials of Preparer | JG |

*BlackBerry Limited v. Facebook, Inc. et al*; Case No. 2:18-cv-01844-GW-(KSx)
Updated Tentative Ruling on Renewed Motion to Stay Case Pending Instituted *Inter Partes* Review Proceedings

    Plaintiff BlackBerry Limited ("Plaintiff") filed suit against Facebook, Inc., WhatsApp, Inc., and Instagram, LLC (collectively, "Defendants") on March 6, 2018, alleging infringement of various patents. Docket No. 1; *see also* Docket No. 15 (First Amended Complaint).

    Defendants filed a motion to stay the case pending *inter partes* review ("IPR") on April 16, 2019 (Docket No. 161), but withdrew the motion after the Court stated its views at a status conference that it is disinclined to grant stays pending IPR proceedings until after the Patent Trial and Appeal Board ("PTAB") has issued a decision indicating that it would actually institute an IPR. *See* Docket Nos. 166 at 2, 170.

    Defendants have now renewed their motion to stay pending IPR, noting that the PTAB has instituted IPR for all of the asserted claims of seven of the nine asserted patents.[1] *See* Docket No. 501 (public), 505 (sealed). The motion has been fully briefed. *See* Docket No. 550 (opposition), 560 (reply).

    At a hearing held on the motion on January 30, 2020, the Court stated its tentative views that it was inclined to grant the motion. Docket No. 601. Plaintiff indicated that it intended to withdraw from this litigation two of the seven asserted patents subject to instituted IPR proceedings. The parties were permitted to file supplemental briefs regarding their understanding of the impact of the withdrawal of those two patents from this case on the question of whether the remaining case should still be stayed. *Id.* The parties subsequently did so. Docket No. 607-1, 619.

    Courts have discretion to control their dockets and ensure that their cases are managed in the interest of justice. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In deciding whether to stay an action pending an IPR, a court's discretion is typically guided by three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly

---

[1] The Court previously found that two of the asserted patents in this case that are currently the subject of ongoing IPR proceedings were invalid under 35 U.S.C. § 101 and entered a partial final judgment for them, which is currently being considered on appeal.

prejudice or present a clear tactical disadvantage to the nonmoving party." *Aten Int'l Co., Ltd v. Emine Tech. Co., Ltd.*, No. SACV 09-0843 AG (MLGx), 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010) (quoting *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)); *Murata Machinery*, 830 F.3d at 1361; *see also Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12-0021 JST (JPRx), 2012 WL 7170593, at *1 & n.1 (C.D. Cal. Dec. 19, 2012) (stating that the same three-factor framework for staying the case applies regardless of whether a request for reexamination or an IPR is pending); Peter S. Menell et al., Fed. Judicial Ctr., *Patent Case Management Judicial Guide* ("Menell") § 2.2.6.4.2 (3d ed. 2016). The inquiry, however, is not limited to these factors and "the totality of the circumstances governs." *Allergan Inc. v. Cayman Chem. Co.*, No. SACV 07-01316 JVS (RNBx), 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009) (citation omitted).

Expert discovery closed in this case in December 2019. Docket No. 480. The parties have filed all briefing on their summary judgment and *Daubert* briefs, and a summary judgment hearing is scheduled for February 20, 2020. *See id.* Trial is scheduled for April 13, 2020. *Id.* Although this case is not in its early stages, the fact that Defendants originally sought a stay in April 2019 is relevant. As Defendants note, significant pretrial work and expense remain in this case going forward.

Plaintiff's argument that a stay at this stage is "inherently prejudicial" is unpersuasive. Docket No. 550 at 5. Plaintiff's generalized arguments of prejudice would be applicable to almost any plaintiff in a patent case. It is again relevant that this is not the first time Defendants have requested a stay pending IPR. The Court is not persuaded by Plaintiff's arguments that Defendants improperly and tactically delayed in the filing of their IPR petitions in a way that causes undue prejudice to Plaintiff.

Regarding simplification of the issues, the Court agrees with Defendants that, particularly as to the patents where IPR has been instituted, a stay has a high likelihood of simplifying the issues. Plaintiff's arguments before the PTAB may ultimately be relevant in this case. Similarly, there may be questions relating to the scope of prior art invalidity arguments that Defendants will be permitted to maintain in this litigation after final written decisions are issued in the IPRs. Even though Plaintiff states that it intends to withdraw from this case two of the asserted patents subject to instituted IPR proceedings, including a patent where it has proposed claim amendments in IPR proceedings, and further states that it will not propose claim amendments during IPR proceedings

for any the claims that remain asserted in this case, simplification of the issues remains likely for the other reasons stated.

As to the two patents that are not subject to instituted IPRs, Defendants state that they "filed compelling summary judgment motions against both of those patents . . . . BlackBerry also does not dispute that the '236 and '961 patents represent only a small fraction of this case." Docket No. 560 at 1. Indeed, Defendants alternatively propose that the parties proceed with litigation of these two patents while a stay is entered as to the other asserted patents. *See, e.g.* Docket No. 501-22 (proposed order re Defendants' motion to stay); Docket No. 505 at 5.

Having considered the arguments presented, the Court would **GRANT-IN-PART** the motion to stay as to the remaining asserted patents that are now subject to instituted IPRs (recognizing that the validity of two of those asserted patents is already being considered on different bases on appeal). The Court would **DEFER-IN-PART** the motion to stay as to the '236 and '961 Patents until after resolution of certain pending summary judgment and *Daubert* motions related to those patents that are relevant to the question of infringement and/or invalidity of those patents.

The parties are **ORDERED** to file a joint report by February 18, 2020 identifying the portions of their summary judgment and *Daubert* motions that are related to infringement and/or invalidity of the '236 and '961 Patents, and thus the portions that would remain unstayed at this time. After the parties' motions for those patents are resolved, the Court will consider whether a stay should nonetheless be entered as to any issues left for adjudication as to those two patents, such that any remaining asserted patents in this case can be the subject of a single trial after the resolution of all IPR proceedings and appeals. The parties are advised that in order to preserve judicial resources and focus the case to a single trial, the Court will likely enter a stay as to those patents if they are not found either invalid or noninfringed in the context of summary judgment proceedings.

For reasons of judicial economy, the Court **CONTINUES** the hearing on all other pending motions in this case from February 20, 2020 to February 27, 2020. It will decide whether resolution of the motions is necessary at that time, or some or all of them should be denied without prejudice to their renewal after the pendency of a stay.

The parties are otherwise directed to file a joint report within 10 days of each Final Written Decision reached by the PTAB in IPR proceedings as to the currently-stayed patents.