UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-1844-GW-PLAx | Date | March 27, 2020 |
| Title | BlackBerry Limited v. Facebook, Inc. et al | Page | 1 of 2 |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings:** **IN CHAMBERS - ORDER DIRECTING PARTIES TO ADDRESS 35 U.S.C. § 112 ¶ 6[1] IN RESPONSIVE SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFS FOR THE TERMS "MODE SELECTOR" AND "MESSAGE GENERATOR"**

The Court has reviewed the parties' supplemental briefs regarding the terms "mode selector" and "message generator" in the '236 Patent. Docket Nos. 658, 659. Neither party has taken the position that one or both terms are subject to 35 U.S.C. § 112 ¶ 6.[2] Because claim construction is a question of law governed by the intrinsic record, the Court continues to consider whether a construction of one or both terms as means-plus-function terms under 35 U.S.C. § 112 ¶ 6 is appropriate. As the Court suggested in its order on the parties' most recent round of summary judgment motions, these are "functional-sounding terms." Docket No. 655 at 10. Now, **both** of the parties' proposed claim constructions vaguely define the terms as "hardware or software component[s]" with additional requirements as to the *functions* that those "components" perform.

---

[1] The America Invents Act ("AIA") re-designated 35 U.S.C. § 112 ¶ 6 as § 112(f). *See* Leahy-Smith America Invents Act, Pub. L. No. 112-29, sec. 4, 125 Stat. 284, 296 (2011). But the amended version of § 112 applies only to patent applications "filed on or after" September 16, 2012. *See* AIA § 4(e), 125 Stat. at 297. Because the '236 Patent was filed before this date (*see* Docket No. 1-5), the Court refers to the pre-AIA statute.

[2] The Court can only guess that Defendants own some patents that use similar, functional-sounding terms, and for that reason, they cannot risk appearing inconsistent by challenging the nature of the terms "mode selector" and message generator" in this case. If there is some other basis for Defendants' decision not to propose a means-plus-function construction, the Court looks forward to Defendants' explanation for it.

| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk JG |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-1844-GW-PLAx | Date | March 27, 2020 |
| Title | BlackBerry Limited v. Facebook, Inc. et al | Page | 2 of 2 |

This further suggests a construction under 35 U.S.C. § 112 ¶ 6 would be appropriate.

The Court **ORDERS** that *both* parties explain in their simultaneous responsive supplemental claim construction briefs why 35 U.S.C. § 112 ¶ 6 should not apply. The parties may have two extra pages to do so. *See* Docket No. 654. The Court also welcomes the submission of extrinsic evidence showing that a person of skill in the art at the time of the invention would understand one or both of these terms to connote a structure or class of structures, such that the presumption against means-plus-function claiming should not be overcome. No further information about 35 U.S.C. § 101 is required.