COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
3175 Hanover Street
Palo Alto, California 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

ATTORNEYS FOR DEFENDANTS
FACEBOOK, INC., WHATSAPP INC.
and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| BLACKBERRY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., WHATSAPP INC., and INSTAGRAM, LLC,<br><br>Defendants. | Case Nos. 2:18-cv-01844-GW-KSx;<br>2:18-cv-02693-GW-KSx<br><br>**DEFENDANT WHATSAPP INC.'S RESPONSE TO REQUEST FOR ORAL ARGUMENT RE MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,429,236 UNDER 35 U.S.C. § 101** |

BlackBerry's "Request for Oral Hearing" demonstrates why an oral hearing on the § 101 motion is unnecessary. The Court has now received **nine** briefs on this issue: the three summary judgment briefs (ECF 552, 604, 647), four briefs on claim construction (ECF 661-662, 664-665), BlackBerry's oral argument request (ECF 670), and this response. BlackBerry has had ample opportunity to be heard, and their latest submission provides no basis to deviate from the well-reasoned Tentative Ruling.

## I.   ALICE STEP ONE

BlackBerry devotes the majority of its Request to arguing Step One. For the Court's convenience, Defendants will use the same numbering as BlackBerry's Request. As shown, BlackBerry's arguments do not warrant an oral hearing.

1)   BlackBerry argues that the Court "overgeneralized" the abstract idea to which the claims are directed. But BlackBerry's arguments are, themselves, gross overgeneralizations of the Tenative Ruling that ignore what the Court actually said.

Federal Circuit law is clear that "[a]n abstract idea can generally be described at different levels of abstraction." *Apple v. Ameranth*, 842 F.3d 1229, 1240 (Fed. Cir. 2016). And this is exactly what the Court did. The Tentative Ruling explained that the claims are directed "to the abstract concept of making a choice about what to communicate to a source based on information collected about that source." (ECF 669 at 5.) But the Court further acknowledged that "the abstract idea could also be stated in the more technical terms supplied by Plaintiff as 'selecting a transmission mode based on whether a recipient application is actively processing status updates,'" but found that BlackBerry's formulation "is still an abstract concept, not a technical one." (*Id.*) The Court's analysis did not oversimplify or overgeneralize the claims; it described the idea at several levels of abstraction – including the level suggested by BlackBerry – and relied on all of them for its finding of abstraction under Step One.

2)   BlackBerry contends that the cases cited in the Tentative Ruling invalidating patents under § 101 based on "collecting, storing, and transmitting information" are inapposite. (ECF 670 at 1-2.) BlackBerry does not make any

particular point here beyond rehashing its unsupported assertion that the asserted claims reflect a specific improvement in computer functionality, which the Court fully considered and correctly rejected in the Tentative Ruling. (ECF 669 at 7-8.)

3) BlackBerry mischaracterizes the Court's ruling as requiring, as a matter of law, that claims "necessarily" provide the alleged technical benefit to survive § 101. (ECF 670 at 2.) But this was not what the Court said. The Court's statement was directed to the fact that the claims provide no *technical* solution, are not tethered to any specific or concrete way of implementing the abstract idea, and thus, do not recite any limitations suggesting that the alleged benefit flows from anything other than the abstract idea. (ECF 669 at 8 ("Making an informed choice based on information – the abstract concept here – is likely to lead to benefits, including when that abstract concept is applied in the technological field of wireless communications. But the benefits that flow from that abstract idea do not transform it into a technological improvement in this case."); *Dropbox, Inc. v. Synchronoss Techs., Inc.*, No. 2019-1765, 2020 WL 3400682, at *4 (Fed. Cir. Jun. 19, 2020) ("The patent has to describe *how* to solve the problem in a manner that encompasses something more than the 'principle in the abstract.'") (emphasis in original). BlackBerry has identified no legal error in the Court's ruling.

4) BlackBerry claims that the Tentative Ruling focuses on individual elements "but does not consider the detail regarding how the claim elements work together to achieve the desired claim results." (ECF 670 at 2.) But BlackBerry does not identify any portion of the Tentative Ruling in which this alleged error occurs. This is because it occurs nowhere – the Court's analysis repeatedly considered the combination of **both** the "mode selector" and "message generator" limitations in reaching its Step One decision. (ECF 669, *e.g.*, at 8 ("Such a technical means or method is lacking from the <u>combination</u> of 'mode selector' and 'message generator' in Claims 15 and 17."); *id.* ("The claim language does not require that the broadly-interpreted 'mode selector' *and* 'message generator' operate in a manner that would improve mobile communication device battery life.") (emphasis added).)

5) BlackBerry's belated arguments about dependent claim 17 should be rejected. Claim 17 merely recites that the mode selector of claim 15 comprises "a component to observe a local database for a record in the database, the record comprising an indication that the recipient application is actively processing status updates." As the Court observed, claim 17 provides "result-focused concepts" that do not change the abstract idea to which the claims are directed. (ECF 669 at 9 n.6.)

Claim 15 recites that the recipient application determines "whether a recipient application is actively processing status updates," and the fact that claim 17 allows this determination to be made by "observ[ing]" a "record" in a "local database" adds nothing of significance. The claim does not recite a particular database, or provides any implementation details about how observations are made or how the claimed "record" is created. As Defendants explained, claim 17 merely recites conventional database technologies. (ECF 552 at 24:26-28 ("specification makes clear that conventional database technologies are used in a routine and conventional manner – storing, monitoring, and retrieving data"); 26:9-10 ("patent further makes clear that conventional database technologies, such as SQL, may be used"); 27:6-7 ("conventional use of a database is added in claim 17, and does not add anything meaningful").)

BlackBerry's reliance on claim construction is also unavailing. The Court noted that both parties agreed that "it is not necessary for the Court to construe the two terms before resolving the parties' § 101 dispute." (ECF 669 at 3.) The Tentative Ruling nevertheless adopted *BlackBerry's* proposed construction of "mode selector," for purposes of both claims 15 and 17, which permits the message transmission mode to be controlled using "components to observe a local database." (*Id.* at 4.) Claim 17 thus adds nothing to the Step Two analysis not already encompassed by claim 15. BlackBerry has not identified a basis for the Court to deviate from its Tentative Ruling.

## II.   ALICE STEP TWO

6) BlackBerry's argument (6) is merely an extension of its Step One argument (1), addressed above, that the Court improperly overgeneralized the abstract idea. As

1  noted, BlackBerry is wrong, the Court properly characterized the abstract idea.

2        7)    Similarly, BlackBerry's argument (7) is an extension of its argument (4) that the Court incorrectly focused on individual claim limitations rather than the limitations in an ordered combination. But as explained, the Court's analysis correctly focused on the claims as a whole and considered the limitations together.

      Notably, BlackBerry does not challenge the Court's statement that "Plaintiff does not otherwise argue that the 'mode selector' or 'message generator' themselves supply an inventive concept," and that under BlackBerry's own adopted construction, "these components include a broad range of generic computer components that are insufficient to transform the abstract idea into an inventive concept." (ECF 669 at 10.)

      The Court also correctly found *BASCOM* distinguishable, noting that its claims "recite[d] a specific, discrete implementation of the abstract idea of filtering content." (*Id.* at 10 (quoting *BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016)). The same cannot be said for the '236 claims.

      8)    BlackBerry erroneously argues that Defendants relied on "hindsight" to show that the ordered combination was conventional. (ECF 670 at 5.) To the contrary, Defendants demonstrated conventionality by relying on the language of the '236 claims themselves, the disclosures in the specification, and other evidence showing that the ordered combination did not transform the claims into eligible subject matter. (*E.g.*, ECF 540-3 at ¶¶187, 184-185; *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014); *BSG Tech. LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018) ("[A] claimed invention's use of the ineligible concept … cannot supply the inventive concept that renders the invention 'significantly more' than that ineligible concept").)

      9)    BlackBerry's conclusory expert testimony did not raise any genuine issue of material fact under Step Two, and the Court had no obligation to provide any detailed discussion of it. *E.g. Mortgage Grader, Inc. v. First Choice Loan Servs., Inc.*, 811 F.3d 1314, 1325 (Fed. Cir. 2016) ("The mere existence in the record of dueling expert testimony does not necessarily raise a genuine issue of material fact."). In *Mortgage*

*Grader*, the Federal Circuit affirmed summary judgment under § 101 notwithstanding expert testimony from the patentee because, as here, the testimony was not tethered to the specific features recited in the claims and the district court relied on the intrinsic record. *Id.* at 1325-26. As Defendants previously explained, if anything, BlackBerry's expert testimony supported invalidity by providing a key admission that both the "mode selector" and "message generator" referred to "commonly used" and "familiar" hardware and software components. (ECF 662 at 4 (citing ECF 658-1 at ¶ 79).)

The statements cited by BlackBerry did not pertain to any feature recited *in the claims*. Those statements merely assert the '236 patent discloses the supposedly novel technique "whereby the mobile communications device uses the status of other applications in the network (namely, a recipient application)," which is allegedly distinct from "conventional approaches where a mobile communications device, at most, used its *own* status to control the transmission of messages." (ECF 658-1 at ¶ 88 (emphasis in original), ¶ 114.) But this supposed distinction finds no support *in the claims*. *See Mortgage Grader*, 811 F.3d at 1325-26. The claims say nothing about "other applications in the network," nor do they distinguish between the status obtained by a device versus its "recipient application."

Indeed, the parties stipulated that "recipient application" means any "software, hardware, component, or collection of components that processes status updates from a mobile communications device and generates an output based on the status updates." (ECF 157 at 9.) Thus, the claim does not require the "recipient application" be separate from the mobile communications device, or that it be running on a different device. Because the testimony BlackBerry now invokes does not reflect limitations in the claims, *Mortgage Grader*, 811 F.3d at 1326, the Court had no obligation to address it.

## III. CONCLUSION

Defendants respectfully request that the Court adopt its Tentative Ruling and find the asserted claims of the '236 patent invalid under § 101.

5

Case No. 2:18-cv-01844-GW
WhatsApp's Response to Oral
Argument Request re 236 patent

| | | |
|---|---|---|
| 1 | Dated:  July 16, 2020 | COOLEY LLP |
| 2 | | /s/ *Heidi L. Keefe* |
| 3 | |     Heidi L. Keefe |

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendants
FACEBOOK, INC., WHATSAPP INC.,
and INSTAGRAM, LLC